## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>WILLIAM TYLER SIRIOS and<br>BRIDGET MICHELLE SIRIOS,<br><br>    Debtors. | Case No. 20-16709 KHT<br>Chapter 12 |
| In re:<br><br>SIRIOS LAND AND CATTLE, LLC,<br><br>    Debtor. | Case No. 20-16710 KHT<br>Chapter 12 |

## ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS

THIS MATTER came before the Court for evidentiary hearing on the *Motion for Attorneys' Fees and Costs Pursuant to Loan Document Reimbursement Clauses* (the "Motion," docket #202), filed by Bankwest of Kansas (the "Bank"), and the Objection thereto (docket #206), filed by the Debtors.  The Court is fully advised in the premises and hereby finds and concludes as follows:

## I.    BACKGROUND

In 2019, Debtors Tyler and Bridget Sirios (the "Individuals") purchased real property of approximately 4,282 acres in Morgan and Weld Counties, Colorado (the "Farm").  The Individuals lived on the Farm, and their company, Sirios Land and Cattle (the "Company"), conducted farming operations on the Farm, using equipment owned by the Individuals.

That same year, the Individuals and the Company obtained financing from the Bank, including a $238,000 revolving line of credit for farm operations, a $457,439 loan to refinance farm machinery, a $2,746,864 loan to refinance the Farm, and a $350,000 revolving line of credit for cattle.  All financing was cross collateralized by an agricultural security agreement (covering equipment, machinery, vehicles, crops and proceeds thereof, farm products, inventory and goods, fixtures, insurance proceeds, and government payments) and by a $5,600,000 deed of trust on the Farm.[1]

---

[1] The Bank had a 2018 appraisal stating the value of the Farm was $5,600,000.  *See* Objection to Expedited Motion for Order Authorizing the Use of Cash Collateral, Docket No. 27, ¶17.  The Individuals purchased

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

The Company operated profitably under a custom farming contract with Denver Metro Wastewater Reclamation District until approximately May 2020, when the Company lost that contract to lower bidder. The Company and the Individuals then fell behind on their payments to the Bank.

In late July 2020, the Bank retained the law firm of Spencer Fane, LLP (the "Law Firm") to pursue collection efforts against the Individuals and the Company. John A. O'Brien ("O'Brien"), a Law Firm partner with substantial experience in agricultural lending and collections, including bankruptcy cases, had primary responsibility for the Law Firm's representation of the Bank. Scott C. Sandberg ("Sandberg"), a Law Firm Partner with substantial litigation experience, also work on the Bank's behalf.

In August 2020, the Law Firm sent the Individuals and the Company a demand letter on behalf of the Bank. Shortly thereafter, the Law Firm pursued foreclosure proceedings against the Farm and replevin proceedings seeking appointment of a receiver to control the Individuals' and the Company's personal property. The Individuals and the Company asked real estate broker Robert Davig to help pursue an out-of-court workout with the Bank. Mr. Davig and the Law Firm engaged in extensive negotiations to reach a forbearance agreement, but an agreement could not be reached.

On October 9, 2020 (the "Petition Date"), the Individuals and the Company (together, the "Debtors") filed separate bankruptcy petitions under Chapter 12, which cases were later consolidated for administrative purposes. On the Petition Date, the Bank was owed the following amounts:

- On the $475,439 loan ("Claim #1"), the Bank was owed $423,726, of which $410,279 was principal and $13,446 was interest;[2]

- On the $350,000 revolving line of credit ("Claim #2"), the Bank was owed $119,677, of which $118,637 was principal and $1,040 was interest;[3]

- On the $238,000 revolving line of credit ("Claim #3"), the Bank was owed $237,334, of which $235,218 was principal and $2,116 was interest;[4] and

---

the Farm for much less ($2.8 million) because the seller was a family friend, and Mr. Sirios' family had been farming in the area for generations. The Bank provided no other valuation during the pendency of this case.

[2] Amount based on the Amended Proof of Claim filed by the Bank on March 23, 2021. Debtors designated the claim as Claim #1 in their April 14 Plan.

[3] Amount based on the Amended Proof of Claim filed by the Bank on March 23, 2021. Debtors designated the claim as Claim #2 in their April 14 Plan.

[4] Amount based on the Amended Proof of Claim filed by the Bank on March 23, 2021. Debtors designated the claim as Claim #3 in their April 14 Plan.

- On the $2,746,864 loan ("Claim #4"), the Bank was owed $2,916,756, of which $2,746,864 was principal and $169,892 was interest.[5]

Altogether, the Bank was owed $3,697,493 on its claims (the "Bank Claims"). Debtors valued their Farm at $5,600,000 to $6,000,000 and their farm equipment at $1,000,000 to $1,012,000. Accordingly, the Bank was substantially oversecured.[6]

On the Petition Date, Debtors' only source of income was farm operations and proceeds from farm operations, including (1) a check Debtors had received prepetition, in the amount of $56,776.90 (the "Check"), made out to both Debtors and the Bank, representing proceeds from the sale of Debtors' wheat crop; and (2) a milo crop growing on 258 acres, which would be ready to harvest in November and ready to sell in December, with expected proceeds of $67,000. The Check and the milo crop proceeds were subject to the Bank's security interest and were therefore "cash collateral" of the Bank. The Bankruptcy Code provides Debtors may use cash collateral only if the Bank agrees or the Court authorizes its use.[7] Debtors were required to obtain Court authorization to use cash collateral for ordinary, reasonable expenses, for which the Bank refused to consent.

Debtors proceeded with their reorganization efforts, retaining Mr. Davig's firm, Leadbetter Webster Land Co., to sell the Farm in parcels (motion at docket #37, order at docket #41). The Bank objected to most of Debtors' motions to sell and refused to cooperate with payment of certain costs required for closing of the sales.

Debtors and the Bank engaged in litigation of other matters as discussed further below, including the Bank's objection to Debtors' claims of exemption; the Debtors' objection to the Bank's proof of claim, which improperly included post-petition interest in the pre-petition amounts owed; and the Bank's motion for relief from stay, which was not supported in law or in fact and was summarily denied. Finally, the Bank pursued several objections to confirmation of Debtors' Chapter 12 plan, which was a 100% plan providing for sale of the Farm and payment of proceeds to the Bank.

Debtors' Joint Amended Chapter 12 Plan of Reorganization Dated April 14, 2021 (the "April 14 Plan," docket #136), as corrected on May 21, 2021 (docket #191), was confirmed by Order entered May 24, 2021 (docket #196), and that date became the "Effective Date." As provided by ¶ 5.3 of the April 14 Plan, the Bank was to retain its liens and lien priority on all collateral until the Bank Claims were paid as follows:

---

[5] Amount based on the Amended Proof of Claim filed by the Bank on March 23, 2021. Debtors designated the claim as Claim #4 in their April 14 Plan.

[6] At all relevant times, the Bank knew it was substantially oversecured. The Bank did not produce any evidence contradicting Debtors' value of the Farm or farm equipment.

[7] *See generally In re Westcamp*, 78 B.R. 834, 837 (Bankr. S.D. Ohio 1987) (discussing the standards for approval of use of cash collateral in Chapter 12 cases and the less stringent application of "adequate protection" under 11 U.S.C. § 1205).

    1)    Claim #1 will be paid the Contract Rate of Interest of 8.25% on the principal amount of $410,279. Claim #1 will be paid interest of 10.25% on the principal amount of $410,279 from the Petition Date to the Effective Date.

    2)    Claim #2 will be paid the Contract Rate of Interest of 8.00% on the principal amount of $118,637. Claim #2 will be paid interest of 10.00% on the principal amount of $118,637 from the Petition Date to the Effective Date.

    3)    Claim #3 will be paid the Contract Rate of Interest of 6.21% on the principal amount of $235,218. Claim #3 will be paid interest of 8.21% on the principal amount of $235,218 from the Petition Date to the Effective Date.

    4)    Claim #4 will be paid the Contract Rate of Interest of 6.5% on the principal amount of $2,746,864. Claim #4 will be paid interest of 8.5% on the principal amount of $2,746,864 from the Petition Date to the Effective Date.

April 14 Plan at 9. The April 14 Plan provided Debtors and the Bank had entered into a Stipulation Regarding Payoffs (the "Stipulation," attached to the April 14 Plan as Exhibit 1), which stated agreed payoffs of the four notes through May 24, 2021. And, the April 14 Plan further provides as follows:

> **Payment of Allowed Fees, Costs and Charges:** The Claim of [the Bank] is over-secured. Section 506(b) of the Code allows a secured creditor recovery of reasonable fees, costs, and charges under such circumstances. Debtors contest the right of [the Bank] to such recovery under the facts of this case. [The Bank] shall submit a Motion to the Court within forty five days after the Effective Date with an itemization of all fees, costs and charges requested. Debtors will then have twenty one days to file any objection to the fees, costs, and charges requested by [the Bank]. Debtors will pay the fees, costs, and charges allowed by the Court by the latter of fourteen days after entry of a final, nonappealable order allowing any such expenses or at the closing of the sale of the Farm as set forth below in Article VII.

*Id.* at 9-10. The Bank timely filed its Motion seeking fees of $157,073.50 and costs of $3,674.09 as well as the cost of the receiver in the amount of $3,660.02. Debtors timely filed their Objection.

Following the Court's resolution of a discovery dispute, which arose when the Bank refused to sign its discovery responses as required by the Federal Rules of Civil Procedure and applicable bankruptcy rules, the Court held a hearing at which the parties submitted evidence, including the testimony of fact and expert witnesses.

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

While the Court finds each expert witness to have been generally credible, the Court is sufficiently familiar with the case and the issues to reach its own findings and conclusions regarding the reasonableness of the fees sought by the Bank.  *See In re MiniScribe Corp.*, 241 B.R. 729, 741 (Bankr. D. Colo. 1999) ("The Tenth Circuit Court of Appeals has signified its relative disdain for the type of opinions tendered by the various experts.  In discussing the allowance of fees and the need for meaningful evidence, the Tenth Circuit has stated: 'While the district court will need evidence of local hourly rates, we agree with the court below that the practice of presenting experts to testify as to the total fee that should be awarded in a given case is not very helpful.'  *Ramos v. Lamm,* 713 F.2d 546, 555 n. 6 (10th Cir.1983)."), *rev'd and remanded on other grounds, see* 309 F.3d 1234 (10th Cir. 2002).

## II.   APPLICABLE LAW

There is no dispute the notes comprising the Bank Claims contain provisions allowing the Bank to recover its reasonable costs incurred in collection of the notes, including attorneys' fees.  The dispute is whether the costs and fees the Bank seeks are reasonable.  It is well established "the holder of a note providing for the payment of reasonable attorneys' fees upon collection is entitled to the recovery of such a fee only upon a showing that the fee actually has been paid or incurred and that the amount of the fee is reasonable."  *Stevens v. Liberty Loan Corp.*, 421 P.2d 732, 734 (Colo. 1966) (*en banc*);[8] *see also* 11 U.S.C. § 506(b) (requiring any fees, costs, or charges awarded to an oversecured creditor to be reasonable).

The Court must make "'an initial estimate of a reasonable attorney fee by calculating the lodestar amount,' which 'represents the number of hours reasonably expended on the case, multiplied by a reasonable hourly rate.'"  *Arnold v. Arnold* (*In re Arnold*), 2016 WL 1022350, *6 (10th Cir. BAP Mar. 15, 2016) (quoting *Payan v. Nash Finch Co.*, 310 P.3d 212, 217 (Colo. Ct. App. 2012)).  Here, the Court has used the Law Firm's time entries as a starting point in making its calculation of the number of hours reasonably expended on the case.[9]  "However, we note that it is not the court's burden 'to justify each dollar or hour deducted from the total submitted by counsel. It remains counsel's burden to prove and establish the reasonableness of each dollar, each hour, above zero.'"  *Payan v. Nash Finch Co.*, 310 P.3d at 219 (quoting *Mares v. Credit Bureau*, 801 F.2d 1197, 1210 (10th Cir.1986)).

---

[8] The parties appear to agree the applicable law is that of Colorado.  The Bank's Motion cites Colorado law.

[9] Toward this end, the Court required the Bank to provide the Court with a Microsoft Excel version of its Exhibit 12, setting forth the time entries for which recovery is sought.  The Bank objected, arguing Debtors did not object to specific time entries of the Bank's counsel.  The Court disagrees.  Debtors and their expert did present specific objections to the Bank's fees, particularly those fees incurred in connection with the Bank's motion for relief from stay, objections to Debtors' exemptions, objections to Debtors' use of cash collateral, objections to Debtors' motion to sell parcels of land, and objections to confirmation of Debtors' Chapter 12 plan.  But even if Debtors had not so objected, this Court is nevertheless tasked with determining the number of hours reasonably expended on the case, multiplied by a reasonable hourly rate, which requires the Court to review the time entries themselves.

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

Once the Court has determined a lodestar amount, it may adjust the amount based on factors outlined in Rule 1.5 of the Colorado Rules of Professional Conduct, including the following:

(a) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (b) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (c) the fee customarily charged in the locality for similar legal services.

*Home Loan Inv. v. St. Paul Mercury Ins.*, 78 F. Supp.3d 1307, 1315 (D. Colo. 2014).

## III. LODESTAR DETERMINATION

The Court has separated the fees sought by the Bank into twelve categories and will discuss each in turn. But first, the Court will discuss a topic common across many of the categories: billing judgment and client oversight. Neither applicable loan documents nor applicable law provides "a blank check for over-secured creditors to incur any amount of legal fees and have them paid by the debtor." *In re Kurtenbach*, 2020 WL 7034405 (Bankr. N.D. Iowa 2020). Colorado law and § 506(b) require the Court to look at the efficiency of a creditor's fees with an eye towards fairly preserving the value of the bankruptcy estate. *See id.* The Court expects attorneys to exercise billing judgment when submitting their invoices for payment and expects clients to exercise oversight when reviewing invoices.

Here, the Court finds little evidence of billing judgment exercised by the Law Firm. The Law Firm used two partner-level attorneys to appear at hearings in which there was no real dispute, and neither attorney's time was discounted to avoid duplication. The Law Firm aggressively pursued matters that had a low likelihood of success and did not discount the fees incurred to reflect the ultimate lack of success and lack of benefit to either the bankruptcy estate or the Bank.

Further, the Court finds the Bank exercised no judgment when deciding whether to approve the Law Firm's work and payment of the Law Firm's fees. If the Bank had been solely responsible for payment of the Law Firm's fees, the Bank would have evaluated the Law Firm's work and invoices carefully. The Bank is not free to abandon that review when it is passing along the costs to its customers. In fact, the Bank may have more of a duty to review when the Bank seeks to pass along the costs to its customers, given the legal requirement of reasonableness. Here, the Bank's officer testified she conducted no review of the Law Firm's work or invoices because she knew the costs would be paid by the Debtors. The Court cannot condone the Bank's abdication of responsibility and could find a lack of reasonableness on that basis alone. But, the Court will proceed to consider the Law Firm's time spent and amounts charged for different matters, as discussed further below.

6

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

### A. Initial Review and Demand Letter

The Bank seeks reimbursement for 12.8 hours of time the Law Firm spent on this matter, at a cost of $ 5,080.00. The Court has some concern with the total time spent, but the Court has even more concern with the time entries themselves, several of which are "lumped" or "blocked" together, *i.e.,* the tasks are not broken down by the time spent on each task. Lumping prevents this Court from determining the amount of time actually spent on each task and therefore prevents an appropriate review. As the Colorado Court of Appeals explained:

> [A] trial court retains discretion to reduce the hours billed based on block billing if the court is unable to determine whether the amount of time spent on various tasks was reasonable. *See Crow* [*v. Penrose-St. Francis Healthcare Sys.*, 262 P.3d 991, 1000 (Colo. Ct. App. 2011)]; *see also Hensley* [*v. Eckerhart*, 461 U.S. 424, 437 (1983)] (holding that fee applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims"); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) ("We do not quarrel with the district court's authority to reduce hours that are billed in block format. The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.").

*Payan v. Nash Finch Co.,* 310 P.3d at 218.

The Law Firm's time spent in this category includes many "lumped" time entries, some exceeding an hour. The Court finds the July 29 Nissly time entry (0.6 hours not divided by task); the August 2 O'Brien time entry (5.5 hours not divided by task), the August 3 O'Brien time entry (1.3 hours not divided by task), and the August 3 Nissly time entry (2.6 hours not divided by task), are not sufficiently documented to allow this Court's review. The Court will exclude those entries from its determination of the amount reasonably expended on this matter, as set forth below:

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 7/21/2020 | Nissly, Anita L. | Email to client. | 0.10 | $200.00 | $ 20.00 |
| 7/29/2020 | Nissly, Anita L. | Review email from counsel to client; email to client regarding loan file; begin review of loan file. | 0.60 | $200.00 | $ 120.00 |
| | (reduction) | Remove time improperly lumped into one entry | (0.60) | | ($120.00) |
| 7/31/2020 | Nissly, Anita L. | Review loan file documents. | 0.10 | $200.00 | $ 20.00 |
| 8/1/2020 | O'Brien, John A. | Begin reviewing Credit Presentation. | 0.40 | $515.00 | $ 206.00 |
| 8/2/2020 | O'Brien, John A. | Continue reviewing loan file including Promissory Notes, Security Agreements, Financing Statements Proof of Trust, CCC-36, Assignments of Indemnity, Bank correspondence; Credit Presentation, UCC Searches, Financial Statements, Tax | 5.50 | $515.00 | $ 2,832.50 |

7

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | returns, appraisals and collateral inspection reports, title work, Food Security Act Notices, Borrower Governance documents, officer notes to loan file; memo to Cara; begin drafting Demand Letter. | | | |
| | (reduction) | Remove time improperly lumped into one entry | (5.50) | | ($2,832.50) |
| 8/3/2020 | O'Brien, John A. | Memos from and to Cara; review additional information received from Cara; continue drafting Demand letters; address issues on Note marked paid and returned. | 1.30 | $515.00 | $ 669.50 |
| | (reduction) | Remove time improperly lumped into one entry | (1.30) | | ($669.50) |
| 8/3/2020 | Nissly, Anita L. | Telephone call from client; conduct UCC search; review of loan file documents; email to client regarding documents needed; email from client with documents; draft Notice of Default; email to client regarding Notice of Default. | 2.60 | $200.00 | $ 520.00 |
| | (reduction) | Remove time improperly lumped into one entry | (2.60) | | ($520.00) |
| 8/4/2020 | Nissly, Anita L. | Telephone call from client; email to client; review email from counsel to client; telephone calls from and to client regarding payoffs on demand letter. | 0.50 | $200.00 | $ 100.00 |
| 8/5/2020 | Nissly, Anita L. | Revisions to demand letter; email to client regarding revised demand letter; email from client; finalize demand letter; email to client regarding same; email from client. | 0.90 | $200.00 | $ 180.00 |
| 8/5/2020 | O'Brien, John A. | Review memo from and to Cara, Notice of Acceleration and additional documentation regarding first real estate note; finalize demand letter. | 0.80 | $515.00 | $ 412.00 |
| | | **Amount sought:** | **12.80** | | **$ 5,080.00** |
| | | **Amount not shown to be reasonable:** | **(10.00)** | | **($ 4,142.00)** |
| | | **Remaining amount:** | **2.80** | | **$ 938.00** |

The Court finds the remaining amount, 2.8 hours of work, to have been reasonably expended on this matter.  The Court finds each timekeeper's hourly rate to be reasonable.  Accordingly, the Court finds the total of $938.00 to be a reasonable lodestar amount for this matter.

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

### B.    Research Regarding Deed of Trust

The Law Firm spent time researching the issue of the effectiveness of the Deed of Trust the Individuals signed as part of the Bank's refinancing.  Considering applicable rules of professional conduct require attorneys to satisfy themselves of the factual and legal bases of recovery before proceeding with legal action, the Court finds it appropriate to award the time spent researching this matter, as set forth below:

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|-----------|-----------|-----------|-------|------|--------|
| 8/6/2020 | O'Brien, John A. | Begin reviewing issues on validity of Bank's Deed of Trust secured by paid or reviewed Note. | 0.80 | $515.00 | $ 412.00 |
| 8/7/2020 | Nissly, Anita L. | Legal research regarding Note amount note matching Deed of Trust; draft letter to client | 0.80 | $200.00 | $ 160.00 |
| 8/7/2020 | O'Brien, John A. | Continue reviewing Renewed Note issue on real estate lien. | 0.50 | $515.00 | $ 257.50 |
| 8/9/2020 | O'Brien, John A. | Continue reviewing validity of deed of trust secured by refinanced Note. | 1.10 | $515.00 | $ 566.50 |
| 8/10/2020 | Nissly, Anita L. | Legal research regarding Note amount not matching Deed of Trust. | 0.30 | $200.00 | $ 60.00 |
| 8/17/2020 | O'Brien, John A. | Memo to Cara. | 0.10 | $515.00 | $ 51.50 |
| | | **Amount sought:** | **3.60** | | **$ 1,507.50** |

The Court finds the amount sought, 3.6 hours of work, to have been reasonably expended on this matter.  The Court finds each timekeeper's hourly rate to be reasonable. Accordingly, the Court finds the total of $1,507.50 to be a reasonable lodestar amount for this matter.

### C.    Foreclosure Proceedings

The Law Firm spent 30.5 hours pursuing a Public Trustee foreclosure of the Farm. The Court is not aware of any complication preventing the Law Firm from using standard forms for the foreclosure, and 30.5 hours strikes this Court as an excessive amount of time expended on initiation of a foreclosure (which was ultimately stayed by the Debtors' bankruptcy filing).  Some of the time entries are "lumped" in a way that prevents this Court's review of their reasonableness, and the Court has therefore excluded those entries from its determination of the amount reasonably expended on this matter.  The Court has excluded the Sandberg time entries because the Law Firm has not shown the matter required the services of two partner-level attorneys.  Finally, the Court has excluded time the Law Firm spent correcting errors of either the Bank or the Law Firm, which time should not be charged to Debtors.  The Court's determination of the amount reasonably expended on this matter is set forth below:

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|-----------|-----------|-----------|-------|------|--------|
| 8/19/2020 | O'Brien, John A. | Memo to Stephens Feedyard; memo to Cara; telephone conversation with Cara, Dale, | 3.20 | $515.00 | $1,648.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | and Tanner; begin foreclosure; review Feed Security Act Notice to HJ Stephens; telephone conversation with Matt Stephens; telephone conversation with Mr. Morrow. | | | |
| | (reduction) | Remove time improperly lumped into one entry: | (3.20) | $515.00 | ($1,648.00) |
| 8/19/2020 | Nissly, Anita L. | Draft letter to title company; review of loan documents; begin drafting foreclosure data sheet; begin work on complaint. | 1.70 | $200.00 | $340.00 |
| | (reduction) | Remove time improperly lumped into one entry. | (1.70) | | ($340.00) |
| 8/20/2020 | O'Brien, John A. | Telephone conversation with Cara (no charge); review memo from Stephens; memos to Cara; memo to Stephens. | 0.40 | $515.00 | $206.00 |
| | (reduction) | Remove time improperly lumped into one entry. | (0.40) | | ($206.00) |
| 8/21/2020 | O'Brien, John A. | Work on foreclosure documents. | 0.30 | $515.00 | $154.50 |
| 8/24/2020 | Nissly, Anita L. | Begin drafting Equipment and Machinery List; continue drafting foreclosure documents. | 0.30 | $200.00 | $60.00 |
| | (reduction) | Remove time improperly lumped into one entry. | (0.30) | | ($60.00) |
| 8/26/2020 | O'Brien, John A. | Review title commitment; memos from and to title company; memos to Cara. | 0.40 | $515.00 | $206.00 |
| | (reduction) | Remove time improperly lumped into one entry. | (0.40) | | ($206.00) |
| 8/27/2020 | Nissly, Anita L. | Work on legal description; emails to title company regarding status; emails to client regarding same; work on foreclosure documents. | 1.20 | $200.00 | $240.00 |
| | (reduction) | Remove time improperly lumped into one entry. | (1.20) | | ($240.00) |
| 8/27/2020 | O'Brien, John A. | Work on foreclosure. | 0.20 | $515.00 | $103.00 |
| 8/28/2020 | Nissly, Anita L. | Continue drafting foreclosure documents. | 1.20 | $200.00 | $240.00 |
| 8/28/2020 | O'Brien, John A. | Work on foreclosure pleadings. | 0.40 | $515.00 | $206.00 |
| 8/29/2020 | O'Brien, John A. | Review Governor's Executive Order staying foreclosure during COVID and applicability to Sirios loan; closer review of title commitment; memo to Cora; begin drafting letter to Public Trustee; reconcile legal description; review set off information; letter to Borrower regarding set off; letter regarding current cases | 5.50 | $515.00 | $2,832.50 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | involving the return of orders referenced in Deed of Trust marked paid; begin drafting letter to Cara regarding same. | | | |
| | (reduction) | Remove time improperly lumped into one entry: | (5.50) | $515.00 | ($2,832.50) |
| 8/31/2020 | Nissly, Anita L. | Continue drafting foreclosure documents; review emails among counsel and client; emails to and from public trustee regarding minimum deposit requirement; continue drafting letter to public trustee; draft letter to client; draft set off letter to borrowers; emails to and from client regarding Certification of Qualified Holder; finalize set off letter to borrowers and mailing of same; email to client regarding same. | 3.10 | $200.00 | $620.00 |
| | (reduction) | Remove time improperly lumped into one entry | (3.10) | | ($620.00) |
| 8/31/2020 | O'Brien, John A. | Memos to and from Cara; finalize letter to Cara regarding original Note issues and foreclosure process; continue drafting letter to Public Trustee; finalize letter to Sirios; draft Certification; draft Notice of Election and demand for sale. | 3.10 | $515.00 | $1,596.50 |
| | (reduction) | Remove time improperly lumped into one entry. | (3.10) | | ($1,596.50) |
| 9/1/2020 | O'Brien, John A. | Memos from and to Cara (.2); review whether 30 day Notice of Foreclosure is needed on Sirios property (.5); finalize letter to Public Trustee and Notice of Election and demand for sale (.3); begin drafting Replevin Complaint (.2); telephone conversation with Mr. Morrow (.1). | 1.30 | $515.00 | $669.50 |
| | (time treated separately) | Remove replevin complaint work: begin drafting Replevin Complaint (.2); telephone conversation with Mr. Morrow (.1). | (0.30) | $515.00 | ($154.50) |
| 9/1/2020 | Nissly, Anita L. | Review emails among counsel and client (.1); review signed Certification from client and prepare for submission (.2); revisions to letter to public trustee (.2); continue drafting foreclosure documents (.4); finalize foreclosure documents | 3.30 | $200.00 | $660.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | (.1); email to Public Trustee regarding same (.1); email to client regarding same (.1); emails from and to Public Trustee (.2); begin drafting Complaint (1.9). | | | |
| | (time treated separately) | Remove replevin complaint work (1.9) | (1.90) | $200.00 | ($380.00) |
| 9/3/2020 | O'Brien, John A. | Continue drafting Complaint (4.1); review email from Public Trustee (.1); memos to and from Cara (.1); telephone conversation with Public Trustee (.2); revise Public Trustee foreclosure documentation (.4). | 4.90 | $515.00 | $2,523.50 |
| | (time treated separately) | Remove replevin complaint work (4.1) | (4.10) | $515.00 | ($2,111.50) |
| 9/4/2020 | Nissly, Anita L. | Finalize letter to public trustee (.1); email to public trustee regarding some and foreclosure documents (.1); email to client and title company regarding same (.1); revisions to Complaint (.3); finalize draft Complaint (.1); email to client regarding same (.1); emails from and to public trustee (.2); continue compiling and labeling exhibits to complaint (.1); set up sharefile folder for exhibits (.1); email to client regarding exhibits (.1); telephone call from client (.2). | 1.50 | $200.00 | $300.00 |
| | (time treated separately) | Remove replevin work: revisions to Complaint (.3); finalize draft Complaint (.1); email to client regarding same (.1); continue compiling and labeling exhibits to complaint (.1); set up sharefile folder for exhibits (.1); email to client regarding exhibits (.1); telephone call from client (.2). | (1.00) | $200.00 | ($200.00) |
| 9/4/2020 | O'Brien, John A. | Continue drafting Complaint (2.3); draft Oath of Receiver (.2); finalize foreclosure documentation to Public Trustee (.3); telephone conference with Cara, Tanner and Dale (.3). | 3.10 | $515.00 | $1,596.50 |
| | (time treated separately) | Remove replevin work: Continue drafting Complaint (2.3); draft Oath of Receiver (.2); | (2.50) | $515.00 | ($1,287.50) |
| 9/9/2020 | O'Brien, John A. | Memos from and to Cara (.1); work on Complaint (2.2); memo to Mr. Davig (.1); review email | 4.90 | $515.00 | $2,523.50 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | from Public Trustee (.1); review recorded notice of election and demand for sale (.1); draft Civil Cover Sheet, Order to Show Cause, Temporary Order to Preserve and Order for Appointment of Receiver (2.2); review memo from Mr. Davig (.1). | | | |
| | (time treated separately) | Remove replevin work: work on Complaint (2.2); draft Civil Cover Sheet, Order to Show Cause, Temporary Order to Preserve and Order for Appointment of Receiver (2.2) | (4.40) | $515.00 | ($2,266.00) |
| | (time treated separately) | Remove negotiation work: memo to Mr. Davig (.1); review memo from Mr. Davig (.1). | (0.20) | $515.00 | ($103.00) |
| 9/14/2020 | Nissly, Anita L. | Review emails from public trustee (.1); docket foreclosure deadlines (.2); letter to title company (.2); email to title company (.1); download recorded NED (.1); email to client regarding same (.1); telephone call to clerk of court regarding entry of notice by the court for service on defendants (.1); draft summonses (.2); compile documents to be served (.1); emails to process servers (.2); email from process server (.1); finalize summonses for service (.1); emails from client regarding loan payment history (.1); emails from and to publication regarding proof (.2); email to client regarding same (.1); email to public trustee and publication requesting addition to distribution list (.1); email to client regarding same; updates to dist list (.1); email to process server regarding documents to be served (.2). | 2.40 | $200.00 | $480.00 |
| 9/14/2020 | O'Brien, John A. | Memos from and to Mr. Davig (.3); telephone conversation with Cara, Tanner, Dale, and loan committee (.5); attention to serving Defendants (.1); draft Summons (.1); review Notice of Court Proceeding by Webex (.2); draft Term Sheet for work-out terms (2.0); telephone conversation with Mr. Davig (.2); | 3.50 | $515.00 | $1,802.50 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | review memos from Public Trustee (.1). | | | |
| | (time treated separately) | Remove replevin work: attention to serving Defendants (.1); draft Summons (.1); review Notice of Court Proceeding by Webex (.2) | (0.40) | $515.00 | ($206.00) |
| | (time treated separately) | Remove negotiations: Memos from and to Mr. Davig (.3); telephone conversation with Cara, Tanner, Dale, and loan committee (.5); draft Term Sheet for work-out terms (2.0); telephone conversation with Mr. Davig (.2) | (3.00) | $515.00 | ($1,545.00) |
| 9/14/2020 | Sandberg, Scott C. | Review court filings (.4). | 0.40 | $440.00 | $176.00 |
| | (reduction) | Remove work duplicating that of other counsel | (0.40) | $440.00 | ($176.00) |
| 9/15/2020 | Nissly, Anita L. | Email from process server (.1); review emails from publication and public trustee (.1); emails to client (.1); proofread the proof of combined notice (.1); email to publication and public trustee regarding errors in the proof (.1); email to client regarding same (.1). | 0.60 | $200.00 | $120.00 |
| | (reduction) | Remove work correcting errors of either the bank or the law firm, which should not be charged to Debtors: email to publication and public trustee regarding errors in the proof (.1); email to client regarding same (.1 | (0.20) | $200.00 | ($40.00) |
| 9/16/2020 | Nissly, Anita L. | Email from title company (.1); review title work (.1); email to client regarding title work (.1); proofread combined notice proof (.1); email to publication and public trustee regarding errors (.1); email to client regarding same (1). | 0.60 | $200.00 | $120.00 |
| | (reduction) | Remove work correcting errors: email to publication and public trustee regarding errors (.1); email to client regarding same (1). | (0.20) | $200.00 | ($40.00) |
| 9/17/2020 | O'Brien, John A. | Memos from and to Cara (.1); closer review of Listing Agreement (.3); telephone conversation with Cara, Dale, and Tanner (.2); telephone conversation with Mr. Davig (.2); memo to Cara regarding Davig | 2.40 | $515.00 | $1,236.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | call (.2); begin drafting Workout Agreement (1.3); review memos from Public Trustee regarding legal descriptions and publications (.1). | | | |
| | (time treated separately) | Remove negotiations work: Memos from and to Cara (.1); closer review of Listing Agreement (.3); telephone conversation with Cara, Dale, and Tanner (.2); telephone conversation with Mr. Davig (.2); memo to Cara regarding Davig call (.2); begin drafting Workout Agreement (1.3 | (2.30) | $515.00 | ($1,184.50) |
| 9/17/2020 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.1); begin drafting Agreement (.4); email from publication (.1); proofread proof (.2); email to publication (.1); email to client regarding same (.1); continue docketing foreclosure deadlines (.1). | 1.10 | $200.00 | $220.00 |
| | (time treated separately) | Remove negotiation work: begin drafting Agreement (.4) | (0.40) | $200.00 | ($80.00) |
| | | **All time entries above:** | **51.00** | | **$20,880.00** |
| | | **Time treated separately (in other categories):** | **(20.50)** | | **($9,518.00)** |
| | | **Amount sought in this category:** | **30.50** | | **$11,362.00** |
| | | **Amount not shown to be reasonable:** | **(19.70)** | | **($8,005.00)** |
| | | **Remaining amount:** | **10.80** | | **$3,357.00** |

The Court finds the remaining amount, 10.80 hours of work, to have been reasonably expended on this matter. The Court finds each timekeeper's hourly rate to be reasonable. Accordingly, the Court finds the total of $3,357.00 to be a reasonable lodestar amount for this matter.

## D.     Replevin/Receivership Proceedings

The Law Firm spent 43.4 hours, at a cost of $17,311.00, pursuing a replevin complaint and seeking appointment of a receiver for the Individuals' and the Company's personal property. The Court cannot find this to be a reasonable amount, for several reasons. First, the Law Firm spent a substantial amount of time (13.10 hours by O'Brien and 6.8 hours spent by Nissly) drafting what should have been a relatively simple complaint. The time spent serving the complaint appears to be excessive, and the time spent responding to the court's order to show cause and correcting errors in service should not be charged to the Debtors. Finally, the overall time and expense incurred pursuing receivership did not result in any benefit to the Bank. The receiver never actually took possession of Debtors' property, and the Bank was already pursuing foreclosure of

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

the Farm, which was worth more than the Bank was owed.  The Court's determination of the amount reasonably expended on this matter is set forth below:

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 9/1/2020 | O'Brien, John A. (time treated separately) | Memos from and to Cara (.2); review whether 30-day Notice of Foreclosure is needed on Sirios property (.5); finalize letter to Public Trustee and Notice of Election and demand for sale (.3); begin drafting Replevin Complaint (.2); telephone conversation with Mr. Morrow (.1). | | | |
| | | replevin complaint work: begin drafting Replevin Complaint (.2); telephone conversation with Mr. Morrow (.1). | 0.30 | $515.00 | $154.50 |
| 9/1/2020 | Nissly, Anita L. (time treated separately) | Review emails among counsel and client (.1); review signed Certification from client and prepare for submission (.2); revisions to letter to public trustee (.2); continue drafting foreclosure documents (.4); finalize foreclosure documents (.1); email to Public Trustee regarding same (.1); email to client regarding same (.1); emails from and to Public Trustee (.2); begin drafting Complaint (1.9). | | | |
| | | replevin complaint work (1.9) | 1.90 | $200.00 | $380.00 |
| 9/2/2020 | Nissly, Anita L. | Continue drafting Complaint (2.1); begin drafting civil cover sheet, Order Appointing Receiver, Temporary Order to Preserve Property, Order to Show Cause and Order for Possession (1.2). | 3.30 | $200.00 | $660.00 |
| 9/3/2020 | O'Brien, John A. (time treated separately) | Continue drafting Complaint (4.1); review email from Public Trustee (.1); memos to and from Cara (.1); telephone conversation with Public Trustee (.2); revise Public Trustee foreclosure documentation (.4). | | | |
| | | replevin complaint work (4.1) | 4.10 | $515.00 | $2,111.50 |
| 9/3/2020 | Nissly, Anita L. | Continue drafting Complaint (1.2); continue drafting Oath of Receiver (.2); finalize Oath of Receiver (.1); emails to and from receiver regarding same (.2); email from Public Trustee rejecting foreclosure documents | 2.30 | $200.00 | $460.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | (.1); revisions to foreclosure documents (.5). | | | |
| 9/4/2020 | Nissly, Anita L.<br><br>(time treated separately) | Finalize letter to public trustee (.1); email to public trustee regarding some and foreclosure documents (.1); email to client and title company regarding same (.1); revisions to Complaint (.3); finalize draft Complaint (.1); email to client regarding same (.1); emails from and to public trustee (.2); continue compiling and labeling exhibits to complaint (.1); set up sharefile folder for exhibits (.1); email to client regarding exhibits (.1); telephone call from client (.2). | | | |
| | | replevin work: revisions to Complaint (.3); finalize draft Complaint (.1); email to client regarding same (.1); continue compiling and labeling exhibits to complaint (.1); set up sharefile folder for exhibits (.1); email to client regarding exhibits (.1); telephone call from client (.2). | 1.00 | $200.00 | $200.00 |
| 9/4/2020 | O'Brien, John A.<br><br>(time treated separately) | Continue drafting Complaint (2.3); draft Oath of Receiver (.2); finalize foreclosure documentation to Public Trustee (.3); telephone conference with Cara, Tanner and Dale (.3). | | | |
| | | replevin work: Continue drafting Complaint (2.3); draft Oath of Receiver (.2); | 2.50 | $515.00 | $1,287.50 |
| 9/9/2020 | O'Brien, John A.<br><br>(time treated separately) | Memos from and to Cara (.1); work on Complaint (2.2); memo to Mr. Davig (.1); review email from Public Trustee (.1); review recorded notice of election and demand for sale (.1); draft Civil Cover Sheet, Order to Show Cause, Temporary Order to Preserve and Order for Appointment of Receiver (2.2); review memo from Mr. Davig (.1). | | | |
| | | replevin work: work on Complaint (2.2); draft Civil Cover Sheet, Order to Show Cause, Temporary Order to | 4.40 | $515.00 | $2,266.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | Preserve and Order for Appointment of Receiver (2.2) | | | |
| 9/10/2020 | O'Brien, John A. | Memos from and to Cara (.4); finalize Complaint (.6); finalize Proposed Temporary order to preserve property, Order to Show Cause and Order for Appointment of Receiver (.9). | 1.90 | $515.00 | $978.50 |
| 9/11/2020 | O'Brien, John A. | Telephone conversation with Clerk of Court (.1); draft waiver of 14-day requirement of Rule 104 (.4); memo to Cara (.1). | 0.60 | $515.00 | $309.00 |
| 9/12/2020 | O'Brien, John A. | Review Order to Show Cause (.1); attention to serving order (.1); review initial case management order (.1). | 0.30 | $515.00 | $154.50 |
| 9/13/2020 | O'Brien, John A. | Telephone conversation with Mr. Morrow (.1). | 0.10 | $515.00 | $51.50 |
| 9/14/2020 | O'Brien, John A. (time treated separately) | Memos from and to Mr. Davig (.3); telephone conversation with Cara, Tanner, Dale, and loan committee (.5); attention to serving Defendants (.1); draft Summons (.1); review Notice of Court Proceeding by Webex (.2); draft Term Sheet for work-out terms (2.0); telephone conversation with Mr. Davig (.2); review memos from Public Trustee (.1). | | | |
| | | replevin work: attention to serving Defendants (.1); draft Summons (.1); review Notice of Court Proceeding by Webex (.2) | 0.40 | $515.00 | $206.00 |
| 9/18/2020 | Nissly, Anita L. | Continue drafting Agreement (.2); email from process server regarding status of service (.1); email to client regarding same (.1). | 0.40 | $200.00 | $80.00 |
| | (time treated separately) | remove negotiation work: Continue drafting Agreement (.2) | (0.20) | $200.00 | ($40.00) |
| 9/21/2020 | Nissly, Anita L. | Continue drafting Agreement (1.5); draft Deed of Trust (.4); emails to and from process server regarding status of service of complaint (.2); email to client regarding status of service (.1); emails to and from client regarding payoffs (.1); finalize Agreement (.2); compile and label exhibits to Agreement (.6); set up sharefile folder for transmitting exhibits to client | 3.60 | $200.00 | $720.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | (.2); email to client regarding Agreement and Exhibits (.1). | | | |
| | (reduction) | remove .2 not reflected in allocation | (0.20) | $200.00 | ($40.00) |
| | (time treated separately) | remove negotiation work: Continue drafting Agreement (1.5); draft Deed of Trust (.4); emails to and from client regarding payoffs (.1); finalize Agreement (.2); compile and label exhibits to Agreement (.6); set up sharefile folder for transmitting exhibits to client (.2); email to client regarding Agreement and Exhibits (.1). | (3.10) | $200.00 | ($620.00) |
| 9/22/2020 | Nissly, Anita L. | Review Affidavits of Service from process server (.1); review emails among counsel and client (.1); finalize Affidavits for filing with the court (.1); emails to and from process server regarding amending Affidavit of Service (.2). | 0.50 | $200.00 | $100.00 |
| 9/23/2020 | Nissly, Anita L. | Email from process server regarding Amended Affidavit of Service (.1); email from client (.1). | 0.20 | $200.00 | $40.00 |
| 9/24/2020 | Nissly, Anita L. | Revisions to Severance Agreement (.4); begin drafting direct exam (2.0); work on hearing exhibits and notebooks (.1). | 2.50 | $200.00 | $500.00 |
| 9/24/2020 | Nissly, Anita L. | Work on hearing exhibit notebooks (.2); finalize Amended Affidavit of Service for filing with the court (.1). | 0.30 | $200.00 | $60.00 |
| 9/25/2020 | Nissly, Anita L. | Work on hearing exhibit notebooks (.3); revisions to Agreement (.2); email to client regarding same (.1); email to B. Davig regarding Agreement (.1); email to client regarding same (.1); finalize hearing note books (.2); letter and email to client regarding same (.2); review email from counsel to client (.1); emails to and from Clerk of Court regarding instructions for exhibits during webex hearing (.1); work on additional hearing exhibit notebooks for opposing parties (.1). | 1.50 | $200.00 | $300.00 |
| | (time treated separately) | remove negotiation work: revisions to Agreement (.2); | (0.50) | $200.00 | ($100.00) |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | email to client regarding same (.1); email to B. Davig regarding Agreement (.1); email to client regarding same (.1); | | | |
| 9/26/2020 | O'Brien, John A. | Work on Cara's direct examination (.8). | 0.80 | $515.00 | $412.00 |
| 9/28/2020 | Nissly, Anita L. | Continue drafting direct exam (.4); finalize direct exam (.1); email to client regarding direct exam (.1). | 0.60 | $200.00 | $120.00 |
| 9/28/2020 | O'Brien, John A. | Telephone conversation with Cara (no charge); continue drafting Cara's direct examination (.8); memo to Cara (.1). | 0.90 | $515.00 | $463.50 |
| 9/29/2020 | Nissly, Anita L. | Assist attorney in preparing for hearing including set up of Webex (.3). | 0.30 | $200.00 | $60.00 |
| 9/29/2020 | O'Brien, John A. | Telephone conversation with Cara (no charge); telephone conversation with Mr. Morrow (.1). | 0.10 | $515.00 | $51.50 |
| 9/30/2020 | Nissly, Anita L. | Telephone call to Division Clerk (.2). | 0.20 | $200.00 | $40.00 |
| 9/30/2020 | O'Brien, John A. | Review memo from Sirios counsel (.2); memos to Cara (.1); memo to Sirios counsel (.1); telephone conversation with Cara and Dale (no charge); prepare for replevin hearing (.5). | 0.90 | $515.00 | $463.50 |
| 10/1/2020 | Nissly, Anita L. | Review email from counsel to client (.1); draft Stipulated Order For Possession (.2); draft Stipulated Order Appointing Receiver (.2); finalize orders (.2). | 0.70 | $200.00 | $140.00 |
| 10/1/2020 | O'Brien, John A. | Prepare for hearing (.2); telephone conversation with Cara and Dale (.2); memos from and to Borrower's counsel (.1); draft Order for Possession (.4); draft Stipulated Order for Possession (1.0); draft Stipulated Order for Appointment of Receiver (1.0); telephone conversation with Mr. Morrow (.1); telephone conversation with Mr. Morrow (.1). | 2.90 | $515.00 | $1,493.50 |
| 10/2/2020 | O'Brien, John A. | Several telephone conversation with Cara (no charge); telephone conversation with Mr. Morrow (.2); memos from and to Borrower's counsel (.2); work | 6.40 | $515.00 | $3,296.00 |

20

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | on proposed orders (.8); prepare for Replevin hearing including opening statement, Cara's Direct Examination, Morrow Direct Examination, Sirios Cross Examination and closing arguments (4.1); review Returns of Service (.1); review Court Docket Sheet (.1); attend Replevin Hearing (.4); telephone conversation with Mr. Morrow, Mr. Brown, and Cara (.5). | | | |
| 10/2/2020 | Nissly, Anita L. | Finalize proposed order for possession for filing with court (.1); review emails among counsels; finalize stipulated orders for filing with the court (.1); email to G. Humphries regarding fully executed stipulated orders as filed with the court (.1); email to client regarding same (.1). | 0.40 | $200.00 | $80.00 |
| 10/3/2020 | O'Brien, John A. | Review Final Order Appointing Receiver (.1); review Final Order for Possession (.1). | 0.20 | $515.00 | $103.00 |
| 10/6/2020 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.1). | 0.10 | $200.00 | $20.00 |
| 10/6/2020 | O'Brien, John A. | Telephone conversation with Mr. Morrow (.1); review Humphrey's Entry of Appearance (.1); telephone conversation with Mr. Brown (.1); review memo from Mr. Brown and inspection pictures (.1); memo to Cara (.1). | 0.40 | $515.00 | $206.00 |
| 10/8/2020 | O'Brien, John A. | Closer review of information from Mr. Brown on equipment location and condition (.2). | 0.20 | $515.00 | $103.00 |
| | | **All time entries above:** | **47.20** | | **$18,071.00** |
| | | **Time treated separately (in other categories):** | **(3.80)** | | **($760.00)** |
| | | **Amount sought in this category:** | **43.40** | | **$17,311.00** |
| | | **Time not properly allocated:** | **(0.20)** | | **($40.00)** |
| | | **Subtotal:** | **43.20** | | **$17,271.00** |
| | | **50% reduction:** | **(21.60)** | | **($8,635.50)** |
| | | **Remaining amount:** | **21.60** | | **$8,635.50** |

The Court finds the time sought to be excessive and a 50% reduction to be appropriate, with the remaining amount, 21.6 hours, reasonably expended pursing this matter. The Court finds each timekeeper's hourly rate to be reasonable. Accordingly, the Court finds the total of $8,635.50 to be a reasonable lodestar amount for this matter.

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

    The Bank also requests reimbursement of $3,660.02 for the Receiver's expenses, which includes three separate trips to the Farm to inventory Debtors' equipment.  The Court finds the first trip, made by Jim Brown on September 28, 2020, to be reasonable, because the receivership action had just been filed, and an inventory was appropriate.  The second trip, made by Tom Morrow, Jim Brown, and Bruce Segelke on October 6, 2020, seems somewhat duplicative of the work done the week before.  But, at that time, the receivership action was still pending, and some continued investigation may have been necessary and appropriate.  The Court cannot find the third trip, made by Jim Brown on February 3, 2021, to have been necessary or appropriate.  By that time, the Debtors' bankruptcy case was well underway, and the receivership action had been stayed.  The cost of the third trip, $625 in time and $95.45 in mileage, should not be charged to the Debtors.  The remaining cost, $2,939.57, is reasonably charged to Debtors.

### E.    Pre-petition Negotiations

    The Law Firm spent a substantial amount of time participating in negotiations with Debtors' representative, Mr. Davig, and preparing a forbearance agreement.  The Court's determination of the amount reasonably expended on this matter is set forth below:

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 9/8/2020 | O'Brien, John A. | Telephone conference with Cara (no charge); lengthy telephone conference with Mr. Davig (1.3); memos to Cara (.2); review memos from Mr. Davig (.3); review memo from Mr. Sirios (.1). | 1.90 | $515.00 | $978.50 |
| 9/9/2020 | O'Brien, John A.<br><br>(time treated separately) | Memos from and to Cara (.1); work on Complaint (2.2); memo to Mr. Davig (.1); review email from Public Trustee (.1); review recorded notice of election and demand for sale (.1); draft Civil Cover Sheet, Order to Show Cause, Temporary Order to Preserve and Order for Appointment of Receiver (2.2); review memo from Mr. Davig (.1). | | | |
| | | negotiation work: memo to Mr. Davig (.1); review memo from Mr. Davig (.1). | 0.20 | $515.00 | $103.00 |
| 9/14/2020 | O'Brien, John A.<br><br>(time treated separately) | Memos from and to Mr. Davig (.3); telephone conversation with Cara, Tanner, Dale, and loan committee (.5); attention to serving Defendants (.1); draft Summons (.1); review Notice of Court Proceeding by Webex (.2); draft Term Sheet for work-out terms (2.0); telephone conversation with | | | |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | Mr. Davig (.2); review memos from Public Trustee (.1). | | | |
| | | negotiation work: Memos from and to Mr. Davig (.3); telephone conversation with Cara, Tanner, Dale, and loan committee (.5); draft Term Sheet for work-out terms (2.0); telephone conversation with Mr. Davig (.2) | 3.00 | $515.00 | $1,545.00 |
| 9/15/2020 | O'Brien, John A. | Review memo from Cara (.2); closer review of payment history and cattle settlement (.5); memo to Mr. Davig (.2). | 0.90 | $515.00 | $463.50 |
| 9/16/2020 | O'Brien, John A. | Review memo from Davig (.1); review listing agreement (.7); memos to and from Cara (.1); review updated title work (.2); telephone conversation with Mr. Davig (.2). | 1.30 | $515.00 | $669.50 |
| 9/17/2020 | O'Brien, John A. (time treated separately) | Memos from and to Cara (.1); closer review of Listing Agreement (.3); telephone conversation with Cara, Dale, and Tanner (.2); telephone conversation with Mr. Davig (.2); memo to Cara regarding Davig call (.2); begin drafting Workout Agreement (1.3); review memos from Public Trustee regarding legal descriptions and publications (.1). | | | |
| | | negotiation work: Memos from and to Cara (.1); closer review of Listing Agreement (.3); telephone conversation with Cara, Dale, and Tanner (.2); telephone conversation with Mr. Davig (.2); memo to Cara regarding Davig call (.2); begin drafting Workout Agreement (1.3) | 2.30 | $515.00 | $1,184.50 |
| 9/17/2020 | Nissly, Anita L. (time treated separately) | Review court filings and docket deadlines accordingly (.1); begin drafting Agreement (.4); email from publication (.1); proofread proof (.2); email to publication (.1); email to client regarding same (.1); continue docketing foreclosure deadlines (.1). | | | |
| | | negotiation work: begin drafting Agreement (.4) | 0.40 | $200.00 | $80.00 |
| 9/18/2020 | O'Brien, John A. | Memos from and to Mr. Davig | 0.50 | $515.00 | $257.50 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|-----------|------------|-----------|-------|------|--------|
| | | (.3); memos to and from Cara (.2) | | | |
| 9/18/2020 | Nissly, Anita L.<br><br>(time treated separately) | Continue drafting Agreement (.2); email from process server regarding status of service (.1); email to client regarding same (.1). | | | |
| | | negotiation work: Continue drafting Agreement (.2) | 0.20 | $200.00 | $40.00 |
| 9/19/2020 | O'Brien, John A. | Closer review of new listing Agreement (.3); closer review of memos from Mr. Davig (.4); work on Forbearance Agreement (1.2); memo to Mr. Davig (.1); memo to Cara (.1). | 2.10 | $515.00 | $1,081.50 |
| 9/20/2020 | O'Brien, John A. | Review memo from Mr. Davig (.1); memo to Cara (.1). | 0.20 | $515.00 | $103.00 |
| 9/21/2020 | Nissly, Anita L.<br><br>(time treated separately) | Continue drafting Agreement (1.5); draft Deed of Trust (.4); emails to and from process server regarding status of service of complaint (.2); email to client regarding status of service (.1); emails to and from client regarding payoffs (.1); finalize Agreement (.2); compile and label exhibits to Agreement (.6); set up sharefile folder for transmitting exhibits to client (.2); email to client regarding Agreement and Exhibits (.1). | | | |
| | | Negotiation work:  Continue drafting Agreement (1.5); draft Deed of Trust (.4); emails to and from client regarding payoffs (.1); finalize Agreement (.2); compile and label exhibits to Agreement (.6); set up sharefile folder for transmitting exhibits to client (.2); email to client regarding Agreement and Exhibits (.1). | 3.10 | $200.00 | $620.00 |
| 9/21/2020 | O'Brien, John A. | Memos to and from Mr. Davig (.2); memos to Cara (.2); review Addendum to Listing Agreement (.2); continue drafting possible workout agreement (3.9); draft Deed of Trust to secure all Notes (.9). | 5.40 | $515.00 | $2,781.00 |
| 9/22/2020 | O'Brien, John A. | Memos from and to Cara (.1); memos to and from Mr. Davig (.2). | 0.30 | $515.00 | $154.50 |
| 9/23/2020 | O'Brien, John A. | Telephone conversation with Cara, Dale and Tanner (.3); | 2.40 | $515.00 | $1,236.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | several memos from and to Mr. Davig (.4); work on Forbearance Agreement (1.7). | | | |
| 9/24/2020 | O'Brien, John A. | Continue drafting Forbearance Agreement incorporating Bank comments (2.2); memos from and to Cara (.2); telephone conversation with Mr. Davig (.2); telephone conversation with Cara (.1). | 2.70 | $515.00 | $1,390.50 |
| 9/25/2020 | Nissly, Anita L. (time treated separately) | Work on hearing exhibit notebooks (.3); revisions to Agreement (.2); email to client regarding same (.1); email to B. Davig regarding Agreement (.1); email to client regarding same (.1); finalize hearing note books (.2); letter and email to client regarding same (.2); review email from counsel to client (.1); emails to and from Clerk of Court regarding instructions for exhibits during webex hearing (.1); work on additional hearing exhibit notebooks for opposing parties (.1). | | | |
| | | negotiation work: revisions to Agreement (.2); email to client regarding same (.1); email to B. Davig regarding Agreement (.1); email to client regarding same (.1); | 0.50 | $200.00 | $100.00 |
| 9/25/2020 | O'Brien, John A. | Telephone conversation with Cara (.1); memos to and from Mr. Davig (.2); revise Forbearance Agreement (.7). | 1.00 | $515.00 | $515.00 |
| | | Total: | 28.40 | | $13,303.00 |

Although the time spent in this category is high, 28.40 hours, the Court encourages parties to pursue out-of-court settlements, which generally benefit all parties in interest. The Court therefore finds the amount sought, 28.40 hours, to have been reasonably expended on this matter. The Court finds each timekeeper's hourly rate to be reasonable. Accordingly, the Court finds the total of $13,303.00 to be a reasonable lodestar amount for this matter.

## F.     General Bankruptcy

The Court has included in this category general bankruptcy-related matters such as filing a proof of claim, reviewing pleadings filed and documents received, and taking a 2004 examination, work that a creditor may reasonably perform in a bankruptcy case. The Court has excluded from this category much of the time the Law Firm spent on cash

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

collateral, the Bank's objection to the Individuals' claims of exemption, the Bank's objections to Debtors' attempts to sell property, and the Bank's corrections to its proof of claim, each of which is discussed separately below.

The Court would expect a creditor in the Bank's position to spend some time preparing its proof of claim, reviewing pleadings filed, and reviewing documents received from the Debtors. But the Law Firm's time in this case far exceeds the amount of time a reasonable creditor would spend. The Law Firm seeks payment for 120.60 hours of work in this category, at a cost of $55,553.50. A review of the time entries, particularly those of O'Brien, show the Law Firm was not simply reviewing the pleadings filed and documents received; it was scrutinizing every pleading and every document in an attempt to ferret out inaccuracies or other grounds to criticize or condemn Debtors. Time spent on that pursuit, including analyzing and discussing Debtors' tax returns or conducting research to determine whether Debtors' expenses exceeded those of similarly situated farmers, did not benefit the Bank, which was at all times an oversecured creditor, with the Debtors in the process of selling parcels of land to pay the Bank in full. The Law Firm's actions exceeded the scope of effective advocacy, and Debtors should not bear the cost of that excess.

Additionally, the Court cannot find the services of a second partner reviewing pleadings to have been reasonable when one partner, who is thoroughly familiar with the case, is already reading every pleading and paper filed or exchanged. The Court's determination of the amount reasonably expended on this matter is set forth below:

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 10/9/2020 | O'Brien, John A. | Review memo from Debtor's counsel (.1); check status of Bankruptcy filings (.1); memo to Cara regarding same (.1). | 0.30 | $515.00 | $154.50 |
| 10/10/2020 | O'Brien, John A. | Telephone conversation with Mr. Morrow (.1). | 0.10 | $515.00 | $51.50 |
| 10/12/2020 | O'Brien, John A. | Review Sirios individual Bankruptcy petition (.1); review Sirios Land Bankruptcy petition (.1); draft two Entries of Appearance (.1). | 0.30 | $515.00 | $154.50 |
| 10/12/2020 | Nissly, Anita L. | Draft Entry of Appearance for both bankruptcy cases (.4); finalize Entries of Appearance for filing with the court (.1); continue drafting Proof of Claim (.5); draft Motion to Prohibit Use of Cash Collateral (.2). | 1.20 | $200.00 | $240.00 |
|  | (time treated separately) | remove cash collateral: draft Motion to Prohibit Use of Cash Collateral (.2). | (0.20) | $200.00 | ($40.00) |
| 10/13/2020 | O'Brien, John A. | Review Debtors Motion to Approve Retainer and related notice in both cases (.3); telephone conversation with | 2.70 | $515.00 | $1,390.50 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | Cara, Dale, and Tyler (.4); memos from and to the title company regarding automatic stay (.1); follow up with Public Trustee regarding automatic stay (.1); draft Two Motion to Prohibit Use of Cash Collateral and proposed orders (.9); memo to Debtor's counsel regarding collateral inspection (.1); memo to Debtor's counsel regarding State Court suggestion of Bankruptcy (.1); telephone conversation with Mr. Morrow regarding information needed for Proof of Claim (.1); review Notices of Reassignment of Judge and update file accordingly (.1); closer review of Bankruptcy petition for incorrect state of liabilities and Creditors Matrix (.2); review applications to employ counsel and related statements and notices in both cases (.3). | | | |
| | (time treated separately) | remove cash collateral: draft Two Motion to Prohibit Use of Cash Collateral and proposed orders (.9) | (0.90) | $515.00 | ($463.50) |
| 10/13/2020 | Nissly, Anita L. | Work on invoice for attachment to proof of claim (.8); continue drafting Motion to Prohibit Use of Cash Collateral (.1); draft proposed order granting same (.2); email to public trustee (.1); draft Motion to Prohibit Use of Cash Collateral and proposed order for second bankruptcy case (.3); email from client (.1); email from public trustee (.1); continue drafting proof of claim (.1). | 1.80 | $200.00 | $360.00 |
| | (time treated separately) | remove cash collateral work: continue drafting Motion to Prohibit Use of Cash Collateral (.1); draft proposed order granting same (.2); draft Motion to Prohibit Use of Cash Collateral and proposed order for second bankruptcy case (.3) | (0.60) | $200.00 | ($120.00) |
| 10/14/2020 | Nissly, Anita L. | Work on obtaining invoice for attachment to Proof of Claim (.1); emails from and to public | 0.90 | $200.00 | $180.00 |

27

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | trustee regarding status of bankruptcy notice (.1); email to client regarding same (.1); continue drafting Proof of Claim (.3); review court filings and docket deadlines accordingly (.3). | | | |
| 10/14/2020 | O'Brien, John A. | Review Motion for Joint Administration and related notices in both cases (.3); review invoices from Receiver, bookkeeper and helper for inclusion in proof of claim (.2); telephone conversation with Mr. Brown regarding Equipment Collateral inspection (.1); review Court's deficiency notices for failure to file statements and schedules (.1); memo to Cara regarding status of Debtor's 3 pending motions and court deficiency notice (.1). | 0.80 | $515.00 | $412.00 |
| 10/15/2020 | Nissly, Anita L. | Begin compiling attachments to Proof of Claim (.1); emails to and from public trustee regarding notices of bankruptcy (.2); emails to client regarding same. (.2); review court filings and docket deadlines accordingly (.2); updates to dist list (.1); updates to pleadings captions (.1); email from client (.1). | 1.00 | $200.00 | $200.00 |
| 10/15/2020 | O'Brien, John A. | Review orders granting joint administration (.1); review Notice of Appointment of Trustee (.1); review Notice of Meeting of Creditors (.1); memo to Cara regarding same (.1). | 0.40 | $515.00 | $206.00 |
| 10/16/2020 | Nissly, Anita L. | Continue compiling attachments to Proof of Claim (.1). | 0.10 | $200.00 | $20.00 |
| 10/16/2020 | O'Brien, John A. | Review memo and invoice from Columbine (.1); memos to Cara regarding status (.1); memo to Borrower's counsel regarding inspection (.1); telephone conversation with Mr. Morrow regarding new collateral inspection (.1). | 0.40 | $515.00 | $206.00 |
| 10/19/2020 | O'Brien, John A. | Memos from and to Debtor's counsel regarding coordinating inspection and need for | 0.30 | $515.00 | $154.50 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | inspection (.2); memos to Cara regard same (.1). | | | |
| 10/20/2020 | Nissly, Anita L. | Work on accounting report for Proof of Claim (.3). | 0.30 | $200.00 | $60.00 |
| 10/21/2020 | O'Brien, John A. | Telephone conversation with Cara (no charge). | 0.10 | $515.00 | $51.50 |
| | (reduction) | remove item listed as no charge | (0.10) | $515.00 | ($51.50) |
| 10/21/2020 | Nissly, Anita L. | Continue work on invoice for attachment to Proof of Claim (.3). | 0.30 | $200.00 | $60.00 |
| 10/24/2020 | O'Brien, John A. | Review Santander claim and claim docket (.1). | 0.10 | $515.00 | $51.50 |
| 10/29/2020 | O'Brien, John A. (time treated separately) | Telephone conversation with Mr. Brown regarding equipment inspection and appraisal (.2); memos to and from Cara and Tyler regarding cash collateral and inspection issues (.2); review Chapter 12 Trustee's objection to Motion to Employ Retainer and counsel (.1); review Sirios Land Statements and Schedules and Sirios Statements and Schedules and identify inaccuracies and inconsistencies (.8); review order and Notice of Cash Collateral hearing (.1); telephone conversation with Cara (no charge); work on Response to Motion to Use Cash Collateral (.5). | | | |
| | | general bankruptcy work: review Chapter 12 Trustee's objection to Motion to Employ Retainer and counsel (.1); review Sirios Land Statements and Schedules and Sirios Statements and Schedules and identify inaccuracies and inconsistencies (.8) | 0.90 | $515.00 | $463.50 |
| 11/2/2020 | O'Brien, John A. (time treated separately) | Prepare for and attend Cash Collateral hearing (2.9); telephone conversation with Mr. Hepner regarding Cash Collateral issues (.1); memo to Cara regarding same (.1); review and respond to Debtor's budget (.1); telephone conversation with Dale and Tyson (no charge); memo to Debtor's counsel regarding check cashing logistics and | | | |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | Cash Collateral account (.2); memos to Cara and Tanner regarding cash collateral; deposit account and Ranch Sale activities (.3); memos to and from Debtor's counsel regarding scheduling examination (.1); begin preparing for BR 2004 examinations (.4). | | | |
| | | 2004 examination work: memos to and from Debtor's counsel regarding scheduling examination (.1); begin preparing for BR 2004 examinations (.4). | 0.50 | $515.00 | $257.50 |
| 11/3/2020 | Nissly, Anita L. | Draft Motion for 2004 Exam (.2); draft proposed order granting same (.1); draft Exhibit 3 (.1); draft subpoena (.2); work on compiling attachments to proof of claim (.1). | 0.70 | $200.00 | $140.00 |
| 11/3/2020 | O'Brien, John A. | Memo to Debtor's counsel regarding examination scheduling (.1); memo to Debtor's counsel regarding protecting cash collateral (.1); memos to and from Cara, Dale and Tyler regarding status of filings and communications with Debtor's counsel (.2); review Order Authorizing Use of Cash Collateral and minutes of the proceeding (.1); continue assembling document for proof of claim (.6); memo to Debtor's counsel regarding suggestion of Bankruptcy (.1); memos from and to Debtor's counsel regarding protection cash collateral (.2). | 1.40 | $515.00 | $721.00 |
| | (time treated separately) | remove cash collateral: memo to Debtor's counsel regarding protecting cash collateral (.1); review Order Authorizing Use of Cash Collateral and minutes of the proceeding (.1); memos from and to Debtor's counsel regarding protection cash collateral (.2). | (0.40) | $515.00 | ($206.00) |
| 11/4/2020 | O'Brien, John A. | Finalize two Proofs of Claim, attachments to Proofs of Claim, and reconcile payoffs and collateral values for | 1.20 | $515.00 | $618.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | inclusion in Proofs of Claim (1.2). | | | |
| 11/4/2020 | Nissly, Anita L. | Continue compiling attachments to proofs of claim (.4); emails from and to court reporter (.1); continue drafting proofs of claim (.8); finalize proofs of claim for filing with the court (.5). | 1.80 | $200.00 | $360.00 |
| 11/5/2020 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.2); emails to court reporter regarding 2004 exam (.2); work on information sheet requested by court reporter (.1). | 0.50 | $200.00 | $100.00 |
| 11/6/2020 | Nissly, Anita L. | Emails from and to court reporter (.1); continue drafting Motion for 2004 Exam including Exhibit 1 and proposed order (.9); finalize Motion for filing with the court and filing of same (.2); email to client regarding court filing (.1). | 1.30 | $200.00 | $260.00 |
| 11/6/2020 | O'Brien, John A. | Draft Motion for BR 2004 examination of Debtor and analysis of documentation needed of examination (1.7); draft list of documents to be produced (.4); draft proposed B R 2004 order (.1). | 2.20 | $515.00 | $1,133.00 |
| 11/10/2020 | O'Brien, John A. | Review Motion to Reject existing listing Agreement (.1); review Motion to Approve New Listing Agreement and review Declaration of Broker and new listing agreement (.4). | 0.50 | $515.00 | $257.50 |
| 11/10/2020 | Sandberg, Scott C. | Review court filings (.2). | 0.20 | $440.00 | $88.00 |
| | (reduction) | remove work duplicating that of another attorney | (0.20) | $440.00 | ($88.00) |
| 11/11/2020 | O'Brien, John A. | Review Order for BR 2004 examination (.1); memos to and from Debtor's counsel regarding examination (.2); memos to Cara regarding examination schedule (.1). | 0.40 | $515.00 | $206.00 |
| 11/12/2020 | Nissly, Anita L. | Review emails among counsels (.1); emails to and from court reporter (.2); work on completing exam information sheet (.2); email to G. Humphries regarding information needed for exam (.1); email to client regarding same (1); draft Notice of 2004 | 1.30 | $200.00 | $260.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | Exam (.2); set up sharefile folder for transmission of exhibits to Agreement to Mr. Hepner (.1); email to Mr. Hepner regarding the Agreement and exhibits (.1); review court filings and docket deadlines accordingly (.1); email from court reporter confirming change in date and time (.1). | | | |
| 11/12/2020 | O'Brien, John A. | Draft Notice of Examination (.2); memo to Cara regarding examination (.1); review Debtor's Amended Schedule G and H and Notice of Amendment (.2); review Debtor's Amended Schedules A and B and Notice of Amended Schedules (.2); review memo from Debtor's counsel regarding FSA payments (.1); memos to Cara regarding Meeting of Creditors and FSA payments (.2); prepare for and attend Meeting of Creditors (2.3); separate call with Chapter 12 Trustee (.2). | 3.50 | $515.00 | $1,802.50 |
| 11/12/2020 | Sandberg, Scott C. | Review court filings (.2). | 0.20 | $440.00 | $88.00 |
| | (reduction) | remove work duplicating that of another attorney | (0.20) | $440.00 | ($88.00) |
| 11/13/2020 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.1). | 0.10 | $200.00 | $20.00 |
| 11/14/2020 | O'Brien, John A. | Review four Proofs of Claim. | 0.10 | $515.00 | $51.50 |
| 11/16/2020 | O'Brien, John A. | Propose examination exhibits (.9); review memo from Debtor's counsel regarding document production (.1); memo to Cara regarding same (.1). | 1.10 | $515.00 | $566.50 |
| 11/16/2020 | Nissly, Anita L. | Review emails from G. Humphreys regarding email addresses for debtors (.1); update to dist list (.1); continue drafting exam information sheet for court reporter (.1); finalize information sheet (.1); emails from and to court reporter regarding same (.1); email to client regarding same (.1); work on compiling and labeling exam exhibits (.2); emails to and from court reporter regarding exhibits (.2); | 1.70 | $200.00 | $340.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | draft witness and exhibit list (.2); email to client regarding same (.1); coordinate mailing of exhibits to opposing party and witness (.1); draft direct exam of client (.2); email to client regarding direct exam (.1). | | | |
| 11/17/2020 | Nissly, Anita L. | Continue drafting Witness and Exhibit List and compile and label exhibits (1.1); email to client regarding attendance at 2004 exam (.1); emails to and from the court reporter regarding video conference sign on information for 2004 exam (.2); email to client regarding witness and exhibit list and participation in hearing (.1); work on direct examination (.6); finalize witness and exhibit list (.1); set up sharefile folder for transmission of hearing exhibits (.2); email to G. Humphries regarding hearing exhibits (.1); email to client regarding same (.1); email to client regarding direct exam (.1). | 2.70 | $200.00 | $540.00 |
| 11/17/2020 | O'Brien, John A. | Legal research on P question raised by the chapter 12 Trustee (1.2); memos to and from the chapter 12 Trustee regarding same (.3); draft exhibit and witness list for cash collateral hearing and assemble exhibits for hearing (1.4); draft Cara's direct examination for the hearing (1.4); memos to and from Car and Tanner regarding examination and cash collateral hearing (.3); prepare for cash collateral hearing (.8); prepare examination exhibits (.2); prepare for Debtor's examination (.7); telephone conference with Cara and Tanner (no charge). | 6.30 | $515.00 | $3,244.50 |
| | (time treated separately) | remove cash collateral: draft exhibit and witness list for cash collateral hearing and assemble exhibits for hearing (1.4); draft Cara's direct | (4.80) | $515.00 | ($2,472.00) |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | examination for the hearing (1.4); memos to and from Car and Tanner regarding examination and cash collateral hearing (.3); prepare for cash collateral hearing (.8); prepare examination exhibits (.2); prepare for Debtor's examination (.7); telephone conference with Cara and Tanner (no charge). | | | |
| 11/17/2020 | Sandberg, Scott C. | Review court filings related to discovery (.2). | 0.20 | $440.00 | $88.00 |
| | (reduction) | remove work duplicating that of another attorney | (0.20) | $440.00 | ($88.00) |
| 11/18/2020 | O'Brien, John A. | Review order approving employment of Listing Broker (.1); review Trustee's limited objection to motion to approve retainer (.1); prepare for and conduct examination of the debtor (9.0); memos to Cara regarding examination and bankruptcy matters (.2); Telephone conference with Cara (no charge); review memo from Debtor's counsel to court (.1) | 9.50 | $515.00 | $4,892.50 |
| 11/18/2020 | Nissly, Anita L. | Email to D. Hepner regarding hearing exhibits (.1); email to client regarding same (.1); review emails among counsel and client (.1); review court filings and docket deadlines accordingly (.1). | 0.40 | $200.00 | $80.00 |
| 11/19/2020 | O'Brien, John A. | Review and organize notes of examination (.6); telephone conference with Cara regarding cash collateral hearing status (no charge); memos from and to Trustee regarding cash collateral hearing (.1); memos from and to court clerk regarding hearing (.1); memo to Debtor's counsel regarding tax returns (.1); closer review of documents produced by Debtor (.3); prepare for and attend cash collateral hearing (.9); memos from Debtor's counsel regarding deposition exhibits and tax refunds (.2); review debtor's 2019 tax returns (.3); | 2.70 | $515.00 | $1,390.50 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | memo to Cara regarding same (.1). | | | |
| | (time treated separately) | remove cash collateral: telephone conference with Cara regarding cash collateral hearing status (no charge); memos from and to Trustee regarding cash collateral hearing (.1); memos from and to court clerk regarding hearing (.1); prepare for and attend cash collateral hearing (.9) | (1.10) | $515.00 | ($566.50) |
| 11/20/2020 | Nissly, Anita L. | Set up sharefile folder (.1); email to G. Humphries regarding deposition exhibits (.1); email to client regarding same (.1). | 0.30 | $200.00 | $60.00 |
| 11/20/2020 | O'Brien, John A. | Memo to Chapter 12 Trustee regarding discrepancy in Debtor's testimony (.1); memo to Bank regarding same (.1); review proposed cash collateral order (.1); memos from and to Debtor's counsel (.1); review Debtor's Chapter 12 Trustee reports and memo to client regarding same (.2); review memo from Chapter 12 Trustee regarding cash collateral (.1). | 0.70 | $515.00 | $360.50 |
| | (time treated separately) | remove cash collateral: review proposed cash collateral order (.1); memos from and to Debtor's counsel (.1); review memo from Chapter 12 Trustee regarding cash collateral (.1). | (0.30) | $515.00 | ($154.50) |
| 11/25/2020 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.2). | 0.20 | $200.00 | $40.00 |
| 12/1/2020 | O'Brien, John A. | Review order permitting rejection of listing agreement (.1). | 0.10 | $515.00 | $51.50 |
| 12/2/2020 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.1). | 0.10 | $200.00 | $20.00 |
| 12/8/2020 | O'Brien, John A. | Memos from and to Debtor's counsel regarding calling Realtor (.1); memos to Carol (.1); Memos from and to Debtor's counsel, Chapter 12 Trustee and Realtor regarding conference call on sales activities (.2). | 0.40 | $515.00 | $206.00 |
| 12/8/2020 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.1). | 0.10 | $200.00 | $20.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 12/9/2020 | O'Brien, John A. | Memos to and from Realtor, Debtor's counsel and Chapter 12 Trustee regarding scheduling (.1); memos to Cora regarding same and status (.1); telephone conference with Cora regarding status report (no charge); review information concerning the Debtor's purchase of farm equipment and the Bank's PMSI (.4); draft Objection to Farm Equipment Exemption and related Notice (.5). | 1.10 | $515.00 | $566.50 |
| | (time treated separately) | remove objection to exemption work: review information concerning the Debtor's purchase of farm equipment and the Bank's PMSI (.4); draft Objection to Farm Equipment Exemption and related Notice (.5). | (0.90) | $515.00 | ($463.50) |
| 12/10/2020 | O'Brien, John A. | Begin preparing for Davig interview (.3). | 0.30 | $515.00 | $154.50 |
| 12/11/2020 | O'Brien, John A. | Review Appraisal (.8); prior and current listing agreement (.3); prepare for and conduct interview of Mr. Davig re status of sale efforts (2.8); telephone conference with Chapter 12 Trustee re plan alternatives; (.5); telephone conference with Cara re results of Davig interview and plan alternatives (.3). | 4.70 | $515.00 | $2,420.50 |
| 12/11/2020 | Nissly, Anita L. | Review emails among counsel and client (.1). | 0.10 | $200.00 | $20.00 |
| 12/14/2020 | O'Brien, John A. | Review memos from Debbie's counsel re sales brochure and Chapter 12 Reporting Call (.1). | 0.10 | $515.00 | $51.50 |
| 12/15/2020 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.3). | 0.30 | $200.00 | $60.00 |
| 12/15/2020 | O'Brien, John A. | Review Deere proof of claim (.1). | 0.10 | $515.00 | $51.50 |
| 12/16/2020 | O'Brien, John A. | Review memo from Debtor's counsel and amended listing agreement (.1); memo to Cara regarding same (.1). | 0.20 | $515.00 | $103.00 |
| 12/17/2020 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.1). | 0.10 | $200.00 | $20.00 |
| 12/18/2020 | O'Brien, John A. | Review Sirios individual and Sirios Land Cattle Chapter 12 Trustee reports for November and bank statements on both | 0.60 | $515.00 | $309.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | Debtor's DIP account and cash collateral account (.3); review John Deere's 6 proofs of claim asserting conflicting liens on Bank collateral (.2); review State Court order re Automatic Stay (.1). | | | |
| 12/24/2020 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.1). | 0.10 | $200.00 | $20.00 |
| 12/29/2020 | O'Brien, John A. | Review Chrysler's Motion for Relief from Stay (.1); memos from and to Debtor's counsel and Chapter 12 Trustee regarding Receipted Refunds (.2); memos to and from Cara regarding same (.1). | 0.40 | $515.00 | $206.00 |
| 12/30/2020 | O'Brien, John A. | Review notices of insurance cancellations (.1); five memos from and to Cara regarding same (.1); memos to Debtor's counsel and Chapter 12 Trustee regarding same and scheduling follow up call with Becky (.3). | 0.50 | $515.00 | $257.50 |
| 1/6/2021 | O'Brien, John A. | Telephone conference with Cara (no charge); memo to Broker, Trustee and Debtors counsel regarding scheduling (.1); memo to Cara (no Charge). | 0.10 | $535.00 | $53.50 |
| 1/8/2021 | O'Brien, John A. | Brief review of Chapter 12 Plan (.3); prepare for and call with Debtor's counsel, Mr. Hepner and Mr. Davig (1.2) telephone conference with Cara (no charge). | 1.50 | $535.00 | $802.50 |
| 1/11/2021 | O'Brien, John A. | Telephone conference with Cara, Taylor and Ty to review Plan and Bank's concerns (.6). | 0.60 | $535.00 | $321.00 |
| 1/14/2021 | O'Brien, John A. | Review Certificates of Non-Contested matter on Attorney Fee Application and Retainers (.1) review Order Approving employment (.1). | 0.40 | $535.00 | $214.00 |
| 1/15/2021 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.1). | 0.10 | $220.00 | $22.00 |
| 1/19/2021 | O'Brien, John A. | Memo to Debtor's counsel and Chapter 12 Trustee (.1); telephone conference with Mr. Brown regarding collateral inspection (.1). | 0.20 | $535.00 | $107.00 |
| 1/24/2021 | O'Brien, John A. | Memos from and to Mr. Humphries regarding inspection (.1); memo to | 0.30 | $535.00 | $160.50 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | Inspector Brown (.1) memos to Cara regarding inspection (.1). | | | |
| 1/26/2021 | O'Brien, John A. | Memo to Debtor's counsel regarding inspector (.1); memo to Chapter 7 Trustee regarding Plan (.1); memo to Cara regarding status (.1). | 0.30 | $535.00 | $160.50 |
| 1/27/2021 | O'Brien, John A. | Memos from and to Chapter 7 Trustee regarding plan (.1); memos to and from Cara regarding status (.1); memo to Debtor's counsel (.1); review memo from Debtor's counsel regarding Sales Contracts (.1); review Lyons Sales Contract (.4); review Westberg Sales Contract (.4); memo to Cara regarding contracts (.1); begin Drafting motion for Relief from Stay regarding Sales Contracts (.3). | 1.50 | $535.00 | $802.50 |
| | (time treated separately) | remove relief from stay work: begin Drafting motion for Relief from Stay regarding Sales Contracts (.3). | (0.30) | $535.00 | ($160.50) |
| 1/31/2021 | O'Brien, John A. | Review Sirios individual Chapter 12 Report for November (.1); review Sirios Land and Cattle Chapter 12 Report for November (.1); review Sirios Chapter 12 Plan and close review of Sirios Cash Flow (.9); review Sirios deposition testimony for inconsistencies between Plan and Debtor's deposition testimony (2.3). | 3.40 | $535.00 | $1,819.00 |
| 2/1/2021 | O'Brien, John A. | Prepare for and lengthy telephone conference with Chapter 12 Trustee (.9); review sales contracts, including contract termination date (.2). | 1.10 | $535.00 | $588.50 |
| 2/2/2021 | O'Brien, John A. | Lengthy telephone conference with Cara regarding determining acceptable and unacceptable provisions in the Plan which Debtor's counsel did not discuss with the Bank prior to filing (.8); memo to Chapter 12 Trustee regarding Bank plan to accommodations (.9); review memo from Debtor's counsel (.1); review contract to sell 80 acres (.3); memo to Cara regarding | 2.40 | $535.00 | $1,284.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|-----------|-----------|-----------|-------|------|--------|
| | | contracts and plan input (.2); review sale map (.1). | | | |
| 2/8/2021 | O'Brien, John A. | Telephone conference with Chapter 12 Trustee regarding land sale (.1). | 0.10 | $535.00 | $53.50 |
| 2/10/2021 | O'Brien, John A. | Telephone conference with Chapter 12 Trustee re plan objections; (.3); memos from Debtor's counsel (.1); review Extension of Contracts (.1). | 0.50 | $535.00 | $267.50 |
| 2/11/2021 | O'Brien, John A. | Review memo from Debtor's counsel (.1); review Debbie's Chapter 12 Reports for December (.2); memo to Chapter 12 Trustee regarding Milo (.1); telephone conference with Chapter 12 Trustee regarding plan (.1); closer review of Plan; draft acceptable modifications to the Plan and objections to current Plan (3.8); lengthy review regarding recent cases on confirmation and the circumstances of Sirios case (.6). | 4.90 | $535.00 | $2,621.50 |
| 2/13/2021 | O'Brien, John A. | Review Debtor's Stipulation with Santander (.1) review extensions of two sales contracts (.1). | 0.20 | $535.00 | $107.00 |
| 2/15/2021 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.1). | 0.10 | $220.00 | $22.00 |
| 2/15/2021 | O'Brien, John A. | Telephone conference with Chapter 12 Trustee regarding plan objections and stipulated plan (.2); memo to Cara (.1). | 0.30 | $535.00 | $160.50 |
| 2/16/2021 | O'Brien, John A. | Review memo from Debtor's counsel regarding Trustee Reports (.1); memos to and from Cara regarding same and plan confirmation issues (.2). | 0.30 | $535.00 | $160.50 |
| 2/17/2021 | O'Brien, John A. | Review Trustee's Objection to Chapter 12 Plan (.2). | 0.20 | $535.00 | $107.00 |
| 2/17/2021 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.2). | 0.20 | $220.00 | $44.00 |
| 2/18/2021 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.2). | 0.20 | $220.00 | $44.00 |
| 2/18/2021 | O'Brien, John A. | Telephone conference with Chapter 12 Trustee regarding hearing (.1). | 0.10 | $535.00 | $53.50 |
| 2/22/2021 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.1). | 0.10 | $220.00 | $22.00 |
| 2/24/2021 | O'Brien, John A. | Review Debtor's Motion to Sell Property by 3 contracts (.4); telephone conference with | 1.50 | $535.00 | $802.50 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | Chapter 12 Trustee (.1); memo to Debtor's counsel regarding try to settle sales objection (.1); draft limited objection to sales motion (.9). | | | |
| | (time treated separately) | remove work on objection to sale: draft limited objection to sales motion (.9). | (0.90) | $535.00 | ($481.50) |
| 2/25/2021 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.2). | 0.20 | $220.00 | $44.00 |
| 2/25/2021 | O'Brien, John A. | Finalize Limited Objection to Sale Motion (.4); memos from and to Debtor's counsel regarding trying to resolve sale objection (.2); review Owen contract (.2); memos to Cara regarding new contract and sale motion (.2); telephone conference with Chapter 12 Trustee (.1). | 1.10 | $535.00 | $588.50 |
| | (time treated separately) | remove work on objection to sale: Finalize Limited Objection to Sale Motion (.4) | (0.40) | $535.00 | ($214.00) |
| 2/26/2021 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.1). | 0.10 | $220.00 | $22.00 |
| 2/26/2021 | O'Brien, John A. | Memos from and to Debtor's counsel regarding hoarding cash collateral (.1). | 0.10 | $535.00 | $53.50 |
| 2/26/2021 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.1). | 0.10 | $220.00 | $22.00 |
| 2/26/2021 | O'Brien, John A. | Memos from and to Debtor's counsel regarding hoarding cash collateral (.1). | 0.10 | $535.00 | $53.50 |
| 3/1/2021 | O'Brien, John A. | Memos from and Debtor's counsel (.1); two telephone conferences with Chapter 12 Trustee regarding sale motions and cash collateral (.2); memos to Cara regarding same (.1); review proposed stipulation and proposed orders approving sale and stipulation (.1). | 0.50 | $535.00 | $267.50 |
| 3/2/2021 | O'Brien, John A. | Telephone conference with Dale, Tanner and Dean regarding status of land sales and stipulations (.3); e-mails to Debtor's counsel and Trustee regarding stipulations (.1); memos to Cara and Dale regarding same. | 0.50 | $535.00 | $267.50 |
| 3/3/2021 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.2); email to client regarding court filings (.1). | 0.30 | $220.00 | $66.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 3/3/2021 | O'Brien, John A. | Memos to Cara (no charge); review order approving stipulation (.1); review order approving sale motions (.1); memo to Borrower's counsel regarding coordinating closing (.1). | 0.30 | $535.00 | $160.50 |
| 3/4/2021 | Nissly, Anita L. | Document management (.1). | 0.10 | $220.00 | $22.00 |
| 3/4/2021 | O'Brien, John A. | Memos from and to Debtor's counsel regarding closing logistics (.1); memos to and from Cara and Shelly regarding same (.1). | 0.20 | $535.00 | $107.00 |
| 3/5/2021 | O'Brien, John A. | Review settlement sheet (.1); memo to Cara regarding same (.1); telephone conference with Chapter 12 Trustee regarding plan deadlines and Banks Stipulation to a Trustee Sale protocol (.3). | 0.50 | $535.00 | $267.50 |
| 3/6/2021 | O'Brien, John A. | Memo to Land Title, Debtor's counsel, the Realtor and Chapter 12 Trustee regarding closing protocol (.5); memo to Cara regarding same (.1); review and reconcile sales contracts and land under contract (.2); review order approving 3 land sales contracts and a stipulation (.1). | 0.90 | $535.00 | $481.50 |
| 3/8/2021 | O'Brien, John A. | Memos from and to title company regarding releases (.5); several telephone conferences with Cara regarding releases (.4) work with Bank of Partial Releases (.5); telephone conferences with Mr. Hepner (.1); review existing lien on parcel sold (.1); work on withdrawal of foreclosure (.1); review revised plan (.5); memo to Mr. Humphrey regarding revised plan (.1). | 2.30 | $535.00 | $1,230.50 |
| 3/8/2021 | Nissly, Anita L. | Email to Weld County Public Trustee (.1). | 0.20 | $220.00 | $44.00 |
| 3/9/2021 | O'Brien, John A. | Memo to title company (.1); telephone conference with title company regarding delay in today's closing (.1); telephone conference with Cara regarding release documentation (.1); memo to Chapter 12 Trustee and Debtor's counsel regarding | 0.80 | $535.00 | $428.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|-----------|-----------|-----------|-------|------|--------|
| | | information needed for land sales and production of releases (.1); telephone conference with Public Trustee regarding withdrawal of foreclosure (.2); memo to title company and Chapter 12 Trustee regarding same (.1); notice of withdrawal of foreclosure (.1). | | | |
| 3/9/2021 | Nissly, Anita L. | Emails from and to Public Trustee regarding telephonic meeting (.1); telephone call with Public Trustee and attorney (.2); draft Withdrawal of Notice of Election and Demand (.1); finalize Withdrawal of Notice of Election and Demand (.1); email from Public Trustee regarding final invoice and withdrawal (.1); review email from counsel to parties regarding same (.1); email to Public Trustee regarding Withdrawal of Notice of Election and Demand (.1); email to client regarding same (.1). | 0.90 | $220.00 | $198.00 |
| 3/10/2021 | O'Brien, John A. | Review memo from title company, settlement statement and legal description for closing # 2 (.1); memos from and to Cara regarding responding to Debtor's request for informal discovery from the Bank (.1); telephone conference with Chapter 12 Trustee (.2). | 0.40 | $535.00 | $214.00 |
| 3/11/2021 | O'Brien, John A. | Review memo from title company and settlement sheet for closing #2 (.1). | 0.10 | $535.00 | $53.50 |
| 3/12/2021 | O'Brien, John A. | Telephone conference with Mr. Hepner (.1); telephone conference with Cara and loan committee on revised plan sale milestones (.3); memo to Trustee and Debtor's counsel on unresolved plan objections (.6). | 1.00 | $535.00 | $535.00 |
| 3/13/2021 | O'Brien, John A. | Review memo from Debtor's counsel with plan objection responses (.1); memo to Cara (.1). | 0.20 | $535.00 | $107.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|-----------|-----------|-----------|-------|------|--------|
| 3/16/2021 | Nissly, Anita L. | Emails from and to Public Trustee (.1); email to client (.1). | 0.20 | $220.00 | $44.00 |
| 3/16/2021 | O'Brien, John A. | Review memo from Debbie's counsel regarding monthly operating report (.1); review memo from Public Trustee regarding foreclosure withdrawal (.1); memos to Cara regarding monthly reports and foreclosure status (.1). | 0.30 | $535.00 | $160.50 |
| 3/17/2021 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.1). | 0.10 | $220.00 | $22.00 |
| 3/17/2021 | O'Brien, John A. | Review memo from Debbie's counsel and monthly operating reports for both Debtor's DIP Accounts and Cash Collateral Accounts (.3). | 0.30 | $535.00 | $160.50 |
| 3/18/2021 | O'Brien, John A. | Telephone conference with Chapter 12 Trustee (.2); review Amended Chapter 12 Plan (.5); memos from and to Cara regarding information Trustee Request (.1) memo to Chapter 12 Trustee regarding status of sale (.1). | 0.90 | $535.00 | $481.50 |
| 3/19/2021 | O'Brien, John A. | Continue reviewing Amended Plan (.3); telephone conference with Cara and loan committee regarding plan comments (.3); telephone conference with Mr. Hepner regarding plan consent to some ideas and objections to other items (.2). | 0.80 | $535.00 | $428.00 |
| 3/19/2021 | Nissly, Anita L. | Email to client regarding payoffs (.1); begin drafting Amended Proofs of Claims (.4). | 0.50 | $220.00 | $110.00 |
|  | (time treated separately) | remove work on claim amendment: begin drafting Amended Proofs of Claims (.4). | (0.40) | $220.00 | ($88.00) |
| 3/22/2021 | O'Brien, John A. | Analysis of Debtor's financial plan and budget to set aside $40,000 and identify duplicate expenditure (.1); review Debtor's motion to sell property (.3); review amended motion to sell property and related notice (.3); draft objection (.8). | 1.50 | $535.00 | $802.50 |
|  | (time treated separately) | remove work on objection to sale: draft objection (.8). | (0.80) | $535.00 | ($428.00) |
| 3/23/2021 | Sandberg, Scott C. | Review court filings. | 0.20 | $475.00 | $95.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | (reduction) | remove work duplicating that of another attorney | (0.20) | $475.00 | ($95.00) |
| 3/23/2021 | O'Brien, John A. | Draft Amended Proof of Claim (.3); review memo from title company and settlement statement for closing number 3 (.2); memo to title company (.1). | 0.60 | $535.00 | $321.00 |
| | (time treated separately) | remove work on claim amendment | (0.30) | $535.00 | ($160.50) |
| 3/25/2021 | O'Brien, John A. | Review memos from Debtor's counsel regarding new sale (.1); memo to Cara re same (.1). | 0.20 | $535.00 | $107.00 |
| 3/26/2021 | O'Brien, John A. | Review memo from title company regarding closings (.1); memo to Chapter 12 Trustee regarding same (.1); memos to Cara (no charge). | 0.20 | $535.00 | $107.00 |
| 3/28/2021 | O'Brien, John A. | Review Order Setting Preliminary sales hearing. | 0.10 | $535.00 | $53.50 |
| 3/29/2021 | O'Brien, John A. | Review loan payment histories (.2); telephone conference with Cara regarding same (.1) review cattle sale documentation requested by Mr. Humphries and memo to Mr. Humphries regarding same (.3); memo to Mr. Humphries regarding payoffs he requested (.1); memos to and from Mr. Humphries regarding stipulation on contested sale motion (.2); closer review of Amended Chapter 12 plan (.4). | 1.30 | $535.00 | $695.50 |
| 4/1/2021 | O'Brien, John A. | Memos from and to Cara regarding land sale response (.2); review Trustee objection to Chapter 12 Plan (.2); review Debtor's second motion to use cash collateral (.4); draft objection to Debtor's second motion to use cash collateral (.5); review memo from Debtor's counsel and Owen's contract extension (.1); prepare for and attend preliminary hearing motion to approve 4th sale motion (1.0); telephone conference with Chapter 12 Trustee (.1); draft motion for relief from stay (1.8); memos from and to Cara (.1). | 4.40 | $535.00 | $2,354.00 |
| | (time treated separately) | remove cash collateral objection work: draft objection | (0.50) | $535.00 | ($267.50) |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | to Debtor's second motion to use cash collateral (.5) | | | |
| | (time treated separately) | remove relief from stay work: draft motion for relief from stay (1.8) | (1.80) | $535.00 | ($963.00) |
| | (time treated separately) | remove work on objection to sale: prepare for and attend preliminary hearing motion to approve 4th sale motion (1.0) | (1.00) | $535.00 | ($535.00) |
| 4/5/2021 | Sandberg, Scott C. | Review court filings (.3). | 0.30 | $475.00 | $142.50 |
| | (reduction) | remove work duplicating that of another attorney | (0.30) | $475.00 | ($142.50) |
| 4/6/2021 | O'Brien, John A. | Memos from and to Debtor's counsel (.1); memos to Cara (.1). | 0.20 | $535.00 | $107.00 |
| 4/7/2021 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.3). | 0.30 | $220.00 | $66.00 |
| 4/5/2021 | Sandberg, Scott C. | Review court filings (.3). | 0.30 | $475.00 | $142.50 |
| | (reduction) | remove work duplicating that of another attorney | (0.30) | $475.00 | ($142.50) |
| 4/6/2021 | O'Brien, John A. | Memos from and to Debtor's counsel (.1); memos to Cara (.1). | 0.20 | $535.00 | $107.00 |
| 4/7/2021 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.3). | 0.30 | $220.00 | $66.00 |
| 4/7/2021 | O'Brien, John A. | Review Debtor's "corrected" Plan (.8); prepare for and attend preliminary confirmation hearing (1.5); telephone conference with Chapter 12 Trustee (.1); memos to and from Cara regarding remaining issues (.2); review memo from Debtor's counsel regarding land offer and memo to Craig regarding same (.1); review memo from Debtor's counsel regarding payoffs and memo to Cara regarding same (.1). | 2.80 | $535.00 | $1,498.00 |
| | (time treated separately) | remove work on confirmation: prepare for and attend preliminary confirmation hearing (1.5) | (1.50) | $535.00 | ($802.50) |
| 4/8/2021 | O'Brien, John A. | Memos from and to Borrower's counsel regarding new contract and cash collateral (.3); memos to Cara regarding same (.1). | 0.40 | $535.00 | $214.00 |
| 4/9/2021 | O'Brien, John A. | Memos from and to Cara regarding claims and status (.1). | 0.10 | $535.00 | $53.50 |
| 4/9/2021 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.3). | 0.30 | $220.00 | $66.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 4/11/2021 | O'Brien, John A. | Review Magnum Contract on irrigated and pasture land (.3); memo to Cara (.1). | 0.40 | $535.00 | $214.00 |
| 4/12/2021 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.5). | 0.50 | $220.00 | $110.00 |
| 4/12/2021 | O'Brien, John A. | Telephone conference with Cara regarding proposed sale #5 (.3); memos from and to Mr. Humphries and Mr. Hepner regarding scheduling (.1); memos to Cara regarding same (.1). | 0.50 | $535.00 | $267.50 |
| 4/13/2021 | O'Brien, John A. | Review memo from Debtor's counsel regarding cash collateral and memo to Cara regarding same (.1). | 0.10 | $535.00 | $53.50 |
| 4/14/2021 | O'Brien, John A. | Memo from title company regarding 4th closing and memo to Cara (.1); memo to Chapter 12 Trustee regarding 4th closing (.1); memos from and to title company regarding 5th sale (.1); review Motion to Sell Real Estate (5th sale) and related Notice (.4); review motion to shorten notice (.1); memo to Debtor's counsel and the Chapter 12 Trustee regarding not objection to motion (.1); memo to Cara regarding same (.1). | 1.00 | $535.00 | $535.00 |
| 4/15/2021 | O'Brien, John A. | Memos from and to John Deere's counsel regarding John Deere claim (.1); review memo from Debtor's counsel regarding delay in 4th sale closing (.1); memos to Cara regarding same (.1); telephone conference with John Deere's counsel regarding claim treatment (.2); review memo from Debtor's counsel regarding survey and cash collateral (.1); memos from and to Debtor's counsel regarding cash collateral issues (.2). | 0.80 | $535.00 | $428.00 |
| 4/16/2021 | O'Brien, John A. | Review memo from Debtor's counsel regarding use of cash collateral (.1); memo to Cara regarding same (.1). | 0.20 | $535.00 | $107.00 |
| 4/16/2021 | Nissly, Anita L. | Review loan history provided by client (.1); review court filings and docket deadlines accordingly (.2). | 0.30 | $220.00 | $66.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 4/17/2021 | O'Brien, John A. | Review Carmax proof of claim (.1); review Order Shortening Time to Object to Land Sale (.1). | 0.20 | $535.00 | $107.00 |
| 4/18/2021 | O'Brien, John A. | Compare Debtors stated expenses to CSU stated average expenses (.3); review Debtor's Objection to Bank claim and research same (.3); memo to Debtor's counsel (.1); review Debtor's monthly financial reports for available cash and request to use more cash collateral (.2); memo to Cara regarding same (.1); review Debtor's Stay Relief Stipulation with Santander and refusal of some terms with Bankwest (.2); review Court's Minute Order setting deadlines and hearings on all pending matters (.1); review and identify errors in Debtor's newest cash flow projection dated April 15, 2021 (.3); closer review of Sales Contract for 5th sale and address broken pivot issue (.2); memo to Debtor's counsel regarding same (.1); review Debtor's most recent plan dated April 14 and memo to Cara regarding same (.6); begin drafting objection to April 14 plan (.2); begin preparing exhibits and witness list for preliminary hearing on Motion for Relief from Stay (.3); review Debtor's proposed cash collateral stipulation (.3); memo to Debtor's counsel regarding same (.1). | 3.40 | $535.00 | $1,819.00 |
| | (time treated separately) | remove work on objection to proof of claim: review Debtor's Objection to Bank claim and research same (.3); memo to Debtor's counsel (.1) | (0.40) | $535.00 | ($214.00) |
| | (time treated separately) | remove work on motion for relief from stay: begin preparing exhibits and witness list for preliminary hearing on Motion for Relief from Stay (.3) | (0.30) | $535.00 | ($160.50) |
| | (time treated separately) | remove work on plan confirmation: begin drafting objection to April 14 plan (.2) | (0.20) | $535.00 | ($107.00) |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 4/21/2021 | O'Brien, John A. | Review memo from Debtor's counsel regarding Trustee's reports; memo to Cara (.1); memos from and to Debtor's counsel regarding cash collateral use and survey (.2); review memo from Humphries regarding Owens 4th contract extension and review extension (.1); memo to Cara regarding same (.1). | 0.50 | $535.00 | $267.50 |
| 4/22/2021 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.1). | 0.10 | $220.00 | $22.00 |
| 4/22/2021 | O'Brien, John A. | Review memo from title company and settlement statement and closing documents for closing #4 (.3). | 0.30 | $535.00 | $160.50 |
| 4/23/2021 | O'Brien, John A. | Review memo from title company regarding 4th closing settlement sheet (.2); work on Exhibit and witness list for motion for relief from stay (.4). | 0.60 | $535.00 | $321.00 |
|  | (time treated separately) | remove work on motion for relief from stay: work on Exhibit and witness list for motion for relief from stay (.4). | (0.40) | $535.00 | ($214.00) |
| 4/24/2021 | O'Brien, John A. | Review Sirios Land monthly Chapter 12 Trustee reports for March (.2); review certificate of non-contested matter regarding 5th sales contract (.1). | 0.30 | $535.00 | $160.50 |
| 4/26/2021 | Sandberg, Scott C. | Review court filings (.3). | 0.30 | $475.00 | $142.50 |
|  | (reduction) | remove work duplicating that of another attorney | (0.30) | $475.00 | ($142.50) |
| 4/26/2021 | O'Brien, John A. | Review memo from and to title company and settlement sheet on 4th closing (.1); memos to and from Cara regarding same (.1); telephone conference with Cara regarding cash collateral and preliminary hearing (.1); review Debtor's motion for corrected sale order and entered order (.1); review Debtor's Emergency and Supplemented Order to Use Cash Collateral (.9); analysis of Debtor's cash collateral needs and draft response to emergency motion (1.9); review order setting hearing on Motion (.1). | 3.30 | $535.00 | $1,765.50 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | (time treated separately) | remove work on cash collateral objection:  telephone conference with Cara regarding cash collateral and preliminary hearing (.1); review Debtor's Emergency and Supplemented Order to Use Cash Collateral (.9); analysis of Debtor's cash collateral needs and draft response to emergency motion (1.9); review order setting hearing on Motion (.1). | (3.00) | $535.00 | ($1,605.00) |
| 4/28/2021 | O'Brien, John A. | Review memo from Mr. Humphries regarding revised tax amount (.1); memos to Cara regarding status (.1). | 0.20 | $535.00 | $107.00 |
| 4/29/2021 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.2). | 0.20 | $220.00 | $44.00 |
| 4/30/2021 | O'Brien, John A. | Review memo from title company regarding 5th closing (.1); review memo from Debtor's counsel regarding easement (.3); memo to Debtor's counsel regarding easement (.1); memo to Cara regarding same (.1). | 0.60 | $535.00 | $321.00 |
| 5/2/2021 | O'Brien, John A. | Review memo from Magnum's counsel and information on proposed easement (.4); memo to Magnum's counsel and Chapter 12 Trustee regarding proposed easement (.1). | 0.50 | $535.00 | $267.50 |
| 5/3/2021 | O'Brien, John A. | Telephone conference with Cara regarding easement (.1); memos to Debtor's counsel, Trustee and Buyer's counsel regarding easements (.4); memos to and from Debtor's counsel and review contract extension (.3); review memo from Buyer's counsel, memo to Debtor's counsel regarding cash collateral (.1); review proposed easement (.2). | 1.10 | $535.00 | $588.50 |
| 5/4/2021 | O'Brien, John A. | Review proposed stipulated order for use of cash collateral (.2); memos to and from Debtor's counsel regarding same (.1); memos from and to Chapter 12 Trustee regarding auction expenses (.1); memos to Cara regarding same and status (.3); review draft | 1.50 | $535.00 | $802.50 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | subordination (.4); review order authorizing use of cash collateral (.1); memos from and to Debtor's counsel, Chapter 12 Trustee and Magnum's counsel regarding subordination (.3). | | | |
| 5/5/2021 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.1). | 0.10 | $220.00 | $22.00 |
| 5/5/2021 | O'Brien, John A. | Telephone conference with Cara regarding subordination of easement (.2); memos to and from Debtor's counsel and Chapter 12 Trustee regarding same and scope of easement (.3); memos to Cara regarding same (.1). | 0.60 | $535.00 | $321.00 |
| 5/6/2021 | Nissly, Anita L. | Draft Subordination Agreement (1.0). | 1.00 | $220.00 | $220.00 |
| 5/6/2021 | O'Brien, John A. | Closer review of Easement (.3) review Davig Report (.3); memo to Humphries regarding alerting Humphries to weakness of easement (.2); draft subordination of easement (.5); memo to Mr. Humphries and Debtor's counsel regarding subordination (.1); memo to title company re subordination (.1). | 1.60 | $535.00 | $856.00 |
| 5/7/2021 | O'Brien, John A. | Review newest revised easement (.2); memo to Debtor's counsel and Chapter 12 Trustee regarding same (.1); review application to extend listing period and order granting application (.3); review verified statement or Davig (.1); review two exclusions of the Magnum Contract (.3); review version 5 of the Easement and memo to Debtor's counsel regarding same (.4); review Debtor's most recent Plan (1.2); review Debtor's Amended Plan dated April 14 (.9); draft objections to Debtor's most recent plan (1.2); review Debtor's objection to claim - $350,000 Note interest rate (.4); analyze Debtor's objection and telephone conference with Cara regarding same (.5); draft | 5.40 | $535.00 | $2,889.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | response to claim objection (.4); review Debtor's and Magnum's proposed revisions to subordination agreement and revise subordination agreement (.8). | | | |
| | (time treated separately) | remove work on objection to Bank's proof of claim:  review Debtor's objection to claim - $350,000 Note interest rate (.4); analyze Debtor's objection and telephone conference with Cara regarding same (.5); draft response to claim objection (.4) | (1.30) | $535.00 | ($695.50) |
| | (time treated separately) | remove work on plan confirmation: draft objections to Debtor's most recent plan (1.2) | (1.20) | $535.00 | ($642.00) |
| 5/7/2021 | Nissly, Anita L. | Draft Response to Debtors' Objection to Amended Claim No. 3 (Individual Case) and Amended Claim No. 1 (LLC Case) (.5); revisions to Subordination Agreement (.3); finalize Subordination Agreement (.1); email to G. Humphries and D. Hepner regarding same (.1); email to client regarding same (.1); finalize Response to Debtors' Objection to Amended Claim No. 3 (Individual Case) and Amended Claim No. 1 (LLC Case) for filing with the court (.1); continue drafting Objection to Motion to Approve Plan (.5) | 1.70 | $220.00 | $374.00 |
| | (time treated separately) | remove work on objection to Bank's proof of claim: Draft Response to Debtors' Objection to Amended Claim No. 3 (Individual Case) and Amended Claim No. 1 (LLC Case) (.5); finalize Response to Debtors' Objection to Amended Claim No. 3 (Individual Case) and Amended Claim No. 1 (LLC Case) for filing with the court (.1); | (0.60) | $220.00 | ($132.00) |
| | (time treated separately) | remove work on plan confirmation:  continue drafting Objection to Motion to Approve Plan (.5) | (0.50) | $220.00 | ($110.00) |
| 5/9/2021 | O'Brien, John A. | Closer review of appraisal value per irrigated acre and | 0.30 | $535.00 | $160.50 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|-----------|------------|-----------|-------|------|--------|
| | | gross acre compared to Magnum Price and memo to Cara regarding same (.3). | | | |
| 5/10/2021 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.1). | 0.10 | $220.00 | $22.00 |
| 5/10/2021 | O'Brien, John A. | Review memo from title company regarding approval of subordination agreement (.1); memo to Cara regarding same (.1). | 0.20 | $535.00 | $107.00 |
| 5/12/2021 | O'Brien, John A. | Review Trustee's motion for additional time to object to plan (.1); review motion to shorten time to object to sale (.1); review Trustee's objection to Plan (.1); review order shortening objection period and memo to Cara regarding same and notice of objection deadline (.1); review Debtor's motion for authority to convey property-easement, and proposed easement and subordination agreement (.4); telephone conference with Cara regarding sale status (.1); memo to title company regarding release and subordination documents (.1); memo to Cara regarding same (.1); memo to Debtor's counsel and Chapter 12 Trustee regarding Bank's no objection to sale motion (.1). | 1.20 | $535.00 | $642.00 |
| 5/13/2021 | Nissly, Anita L. | Review court filings and docket deadlines accordingly on plan confirmation (.2). | 0.20 | $220.00 | $44.00 |
| 5/13/2021 | O'Brien, John A. | Review memo from title company regarding closing (.1); review FBN Inputs proof of claim (.1). | 0.20 | $535.00 | $107.00 |
| 5/14/2021 | Nissly, Anita L. | Review email from client to counsel (.1); email to client (.1); review hearing orders and email to counsels regarding same (.1). | 0.30 | $220.00 | $66.00 |
| 5/18/2021 | O'Brien, John A. | Review updated payoffs and send to Debtor's counsel (.3); memos to and from Chapter 12 Trustee (.2); Telephone conference with Chapter 12 Trustee (.2); review corrected plan (.6); review correction to corrected plan (.2); two telephone conferences with | 2.30 | $535.00 | $1,230.50 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | Cara regarding new plan (.3); memos to Debtor's counsel regarding plan (.2); another telephone conference with Chapter 12 Trustee (.2); memo to title company regarding closing (.1) | | | |
| 5/19/2021 | O'Brien, John A. | Memos from and to Debtor's counsel regarding payoffs and payoff stipulation (.2); work on Cara testimony (.2) memos from and to Cara regarding providing information Borrower requests, settlement, status and hearing preparation (.7); review memo from title company regarding closing (.1); work on Exhibit and witness list. (.1); telephone conference with Chapter 12 Trustee regarding Trustee's comments on stipulation (.2); review memo from Debtor's counsel regarding comments to stipulation (.1) revise stipulation (.4); telephone conference with Cara regarding stipulation (.2) | 2.10 | $535.00 | $1,123.50 |
| | (time treated separately) | remove work on plan confirmation: work on Cara testimony (.2) memos from and to Cara regarding providing information Borrower requests, settlement, status and hearing preparation (.7); work on Exhibit and witness list. (.1); | (0.90) | $535.00 | ($481.50) |
| 5/21/2021 | Nissly, Anita L. | Finalize Stipulation (.1); efile Stipulation with the court (.1); continue assisting attorney with hearing preparations (.1); review court filings and docket deadlines accordingly (.1). | 0.40 | $220.00 | $88.00 |
| 5/25/2021 | O'Brien, John A. | Memos from and to Cara regarding past confirmation interest rate (.1). | 0.10 | $535.00 | $53.50 |
| 5/25/2021 | Nissly, Anita L. | Document management (.2). | 0.20 | $220.00 | $44.00 |
| 5/26/2021 | Nissly, Anita L. | Review court filings and docket deadlines accordingly (.2). | 0.20 | $220.00 | $44.00 |
| 5/29/2021 | O'Brien, John A. | Review Debtor's Objection to Claim of FBN Inputs and related Notice (.1). | 0.10 | $535.00 | $53.50 |
| | | **All time entries above:** | **146.50** | | **$68,501.50** |
| | | **Time treated separately (in other categories):** | **(25.90)** | | **($12,948.00)** |

53

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | Amount sought in this category: | 120.60 | | $55,553.50 |
| | | Amount not shown to be reasonable: | (1.80) | | ($838.00) |
| | | Subtotal: | 118.80 | | $54,715.50 |
| | | 50% reduction: | (59.40) | | ($27,357.75) |
| | | Remaining amount: | 59.40 | | $27,357.75 |

The Court finds the time sought to be excessive and a 50% reduction to be appropriate, with the remaining amount, 59.40 hours, reasonably expended on this matter. The Court finds each timekeeper's hourly rate to be reasonable. Accordingly, the Court finds the total of $27,357.75 to be a reasonable lodestar amount for this matter.

### G.     Cash Collateral Objections

Debtors required the use of cash collateral to operate the Company's business and to pay the Individuals' living expenses. The Bank argues it agreed to Debtors' use of cash collateral, which would have been a reasonable approach for an oversecured creditor in a case with a 100% payment plan. But, the Bank's actions in this case cannot be described as reasonable.

Almost immediately after Debtors filed their bankruptcy petitions, the Bank filed a Motion to Prohibit Debtors' use of its cash collateral (docket #5). The Bank did not address the "adequate protection" standards applicable in Chapter 12 cases, which are less stringent than the standards applicable in Chapter 11 cases. The Bank did not address how its equity cushion would be lost or diminished in value during the pendency of Debtors' bankruptcy cases.

Debtors filed an Expedited Cash Collateral Motion on October 27, 2020 (docket #20), asserting an immediate need for the use of $33,251.24 of cash collateral for the following expenses:

- $2,699.88 for October utilities and $4,100 for November utilities to Morgan County REA;
- $5,500 for maintenance and repair expenses to Wiggins Farm and Auto Supply, Country Do It Best Hardware, 4 Rivers John Deere, and Rudy's GTO;
- $4,815 for diesel to Stub's Gas and Oil;
- $2,875 to John Deere for Skid Steer lease payments;
- $1,734.18 for October and November payments to Chrysler Capital for payments on the 2018 Dodge Ram 3500;
- $882.79 to vehicle licenses and tags;
- $1,945 to Farmers Union Insurance and Secura Insurance for crop and farm insurance; and
- $8,700 ($4,350/month) for living expenses including food, health insurance and ongoing medical bills.

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

Debtors also attached a budget setting forth the following proposed uses of cash collateral:

| Wm Tyler and Bridget Sirios Oct - Mar 2021 Budget | | | | | | | |
|---|---|---|---|---|---|---|---|
| | Total | Past Due+Oct | Nov-20 | Dec-20 | Jan-21 | Feb-21 | Mar-21 |
| Income | $ - | | | | | | |
| Wheat | $ 56,776.90 | $ 56,776.90 | | | | | |
| Milo | $ 67,000.00 | | | $ 67,000.00 | | | |
| Custom | $ 25,200.80 | | $ 25,200.80 | | | | |
| Total Income | $ 148,977.70 | $ 56,776.90 | $ 25,200.80 | $ 67,000.00 | | | |
| | | | | | | | |
| Living Expeses | $ 26,100.00 | $ 4,350.00 | $ 4,350.00 | $ 4,350.00 | $ 4,350.00 | $ 4,350.00 | $ 4,350.00 |
| Utilities | $ 16,899.88 | $ 2,699.88 | $ 4,100.00 | $ 1,500.00 | $ 4,100.00 | $ 1,500.00 | $ 3,000.00 |
| Maint and Repairs | $ 8,600.00 | $ 3,500.00 | $ 2,000.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 2,500.00 |
| Diesel | $ 11,314.99 | $ 1,547.65 | $ 3,267.34 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 3,500.00 |
| 330G Skid Steer Lease | $ 5,698.80 | $ 2,168.30 | $ 706.10 | $ 706.10 | $ 706.10 | $ 706.10 | $ 706.10 |
| 2018 Dodge Ram 3500 | $ 5,202.54 | $ 867.09 | $ 867.09 | $ 867.09 | $ 867.09 | $ 867.09 | $ 867.09 |
| Taxes/Licenses/Tags | $ 882.79 | $ 882.79 | | | | | |
| Crop Insurance | $ 679.00 | $ 679.00 | | | | | |
| Farm Insurance | $ 1,266.00 | $ 1,266.00 | | | | | |
| Auto Insurance | $ 2,652.00 | | | $ 2,652.00 | | | |
| Chemical/Fertilizer | $ 26,863.12 | | | $ 26,863.12 | | | |
| Total Oper. Expenses | $ 106,159.12 | $ 17,960.71 | $ 15,290.53 | $ 38,138.31 | $ 11,223.19 | $ 8,623.19 | $ 14,923.19 |
| | | | | | | | |
| Total - Income minus Expenses monthly | $ 42,818.58 | $ 38,816.19 | $ 9,910.27 | $ 28,861.69 | $ (11,223.19) | $ (8,623.19) | $ (14,923.19) |
| Cash Flow | $ 42,818.58 | $ 81,634.77 | $ 91,545.04 | $ 120,406.73 | $ 109,183.54 | $ 100,560.35 | $ 85,637.16 |

The Bank filed an Objection (Docket #27). The Bank's Objection did not address the specific numbers Debtors requested in their Motion; it simply argued Debtors had not provided enough information or demonstrated sufficient need for the use of cash.

At the preliminary hearing on the Debtors' Motion, held on November 2, 2020, both O'Brien and Sandberg appeared on behalf of the Bank. As in its Objection, the Bank argued Debtors had not provided sufficient information. The Court disagreed, finding Debtors had sufficiently shown the amounts needed, which amounts were reasonable. The Court approved Debtors' interim use of cash collateral (docket #30) and set a final hearing for November 19, 2020. On November 19, the parties appeared before the Court and announced a stipulation providing for Debtors' use of cash collateral through December 31, 2020.

Debtors filed a second Cash Collateral Motion on March 19, 2021 (Docket #106), seeking authority to use cash collateral (including $68,335.78 held in the Company's DIP account) for the following expenses:

- $10,240 for real estate taxes to the Weld County Treasurer due April 30, 2021;
- $18,243 to QBE for Debtors' blanket Farm Policy due May 2021;
- $11,092 for fertilizer- ($9,992 in April for Wheat), ($1,100 in May for Milo);
- $10,000 for estimated fuel expense to Stub's Gas and Oil;
- $7,000 for estimated utilities to Morgan County REA and Roggen Elevator;
- $4,000 for milo seed;
- $6,000 for anticipated maintenance & repair expenses and supplies;
- $796 to John Deere for the Skid Steer May lease payment;
- $867 to Santander for the May payment on the 2018 Dodge Ram 3500 (Family vehicle); and

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

- $4,350 for May living expenses including food, health insurance and ongoing medical bills.

The Bank filed a Limited Objection on April 1, 2021, in which it stated: "The Bank consents to the Debtor's use of $68,335.70 of cash collateral held in Sirios Land and Cattle Cash Collateral Account." (Docket #115, ¶ 2). At a status conference on April 7, 2021, counsel for the Bank represented the Bank consented to the use of $68,335.70 of cash collateral. Based on that representation, the Court vacated the hearing set for April 8, 2021 (docket #134), anticipating the parties would submit an agreed-upon interim cash collateral order. But, the Bank subsequently refused to agree to Debtors' use of cash collateral and would not agree to an order. The Bank also refused to approve payment of $5,700, representing 50% of the cost of a survey required to close the pending sale of a parcel of the Farm at a price of $2,850,000. Debtors filed a Supplement to the pending Cash Collateral Motion and requested an emergency hearing for interim use of cash (docket #149).

At the emergency hearing, the Bank's counsel complained that others should not be paid ahead of the Bank, even those with statutory priority over the Bank's lien, such as the real property taxes. The Bank argued Debtors should allow the property taxes to become delinquent, regardless of any interest or fees that would be charged by the taxing authority. The Bank argued the Debtors did not need to spend money on insurance because the real estate would eventually be sold. The Bank also argued Debtors did not need to spend money for fertilizer, fuel, or irrigation because "nature would take over." The Court approved the Debtors' interim use of cash collateral, specifically including fertilizer for the wheat crop, real property taxes due April 30th, and the surveyor expenses, finding the Bank's opposition to be "mystifying." The Court then set the matter for final hearing, to be held May 6, 2020. Prior to the final hearing, the Bank agreed to Debtors' use of cash collateral, and the parties filed a stipulation with the Court.

For the work described above, the Law Firm spent 31.60 hours, at a cost of $14,653.00. The Court cannot find that amount to be reasonable. The Bank did not have a substantive objection to Debtors' use of cash collateral. It could have reached the same stipulations it eventually reached without the expense of the Court hearings. It certainly did not need two partner-level attorneys to prepare for and participate in hearings at which no substantive objection was pursued. The Law Firm's pursuit of objections before reaching stipulations did not protect the Bank's collateral; their only effect was to increase fees of the Bank's counsel and Debtors' counsel in responding to the objections.

The Court's determination of the amount reasonably expended on this matter is set forth below:

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 10/12/2020 | Nissly, Anita L. (time treated separately) | Draft Entry of Appearance for both bankruptcy cases (.4); finalize Entries of Appearance for filing with the court (.1); continue drafting Proof of Claim | | | |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | (.5); draft Motion to Prohibit Use of Cash Collateral (.2). | | | |
| | | cash collateral work: draft Motion to Prohibit Use of Cash Collateral (.2). | 0.20 | $200.00 | $40.00 |
| 10/13/2020 | O'Brien, John A.<br><br>(time treated separately) | Review Debtors Motion to Approve Retainer and related notice in both cases (.3); telephone conversation with Cara, Dale, and Tyler (.4); memos from and to the title company regarding automatic stay (.1); follow up with Public Trustee regarding automatic stay (.1); draft Two Motion to Prohibit Use of Cash Collateral and proposed orders (.9); memo to Debtor's counsel regarding collateral inspection (.1); memo to Debtor's counsel regarding State Court suggestion of Bankruptcy (.1); telephone conversation with Mr. Morrow regarding information needed for Proof of Claim (.1); review Notices of Reassignment of Judge and update file accordingly (.1); closer review of Bankruptcy petition for incorrect state of liabilities and Creditors Matrix (.2); review applications to employ counsel and related statements and notices in both cases (.3). | | | |
| | | cash collateral work: draft Two Motion to Prohibit Use of Cash Collateral and proposed orders (.9) | 0.90 | $515.00 | $463.50 |
| 10/13/2020 | Nissly, Anita L.<br><br>(time treated separately) | Work on invoice for attachment to proof of claim (.8); continue drafting Motion to Prohibit Use of Cash Collateral (.1); draft proposed order granting same (.2); email to public trustee (.1); draft Motion to Prohibit Use of Cash Collateral and proposed order for second bankruptcy case (.3); email from client (.1); email from public trustee (.1); continue drafting proof of claim (.1). | | | |
| | | cash collateral work: continue drafting Motion to Prohibit Use of Cash Collateral (.1); draft | 0.60 | $200.00 | $120.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | proposed order granting same (.2); draft Motion to Prohibit Use of Cash Collateral and proposed order for second bankruptcy case (.3) | | | |
| 10/26/2020 | O'Brien, John A. | Memos from and to Debtor's counsel regarding inspections and cash collateral inspection (.1); memos to and from Cara regarding same (.1); telephone conversation with Mr. Brown and Mr. Morrow regarding inspection (.2); brief review of Debtor's Statements and Schedules (.5); memos to and from Debtor's counsel regarding conditions to use cash collateral (.2). | 1.10 | $515.00 | $566.50 |
| 10/27/2020 | O'Brien, John A. | Review memos from Debtor's counsel regarding cash collateral (.2); memos to Cara regarding same (.1); review memo from Court Clerk regarding cash collateral (.1). | 0.40 | $515.00 | $206.00 |
| 10/29/2020 | Nissly, Anita L. | Draft Witness and Exhibit List (.6); compile and label exhibits for hearing (.4); review court filings and docket deadlines accordingly (.2). | 1.20 | $200.00 | $240.00 |
| 10/29/2020 | Sandberg, Scott C. | Review court filings, client documents and related matters in preparation for emergency cash collateral hearing (3.0); prepare objection to expedited motion for use of cash collateral (.3). | 3.30 | $440.00 | $1,452.00 |
| | (reduction) | remove work duplicating that of another attorney | (3.30) | $440.00 | ($1,452.00) |
| 10/29/2020 | O'Brien, John A. | Telephone conversation with Mr. Brown regarding equipment inspection and appraisal (.2); memos to and from Cara and Tyler regarding cash collateral and inspection issues (.2); review Chapter 12 Trustee's objection to Motion to Employ Retainer and counsel (.1); review Sirios Land Statements and Schedules and Sirios Statements and Schedules and identify inaccuracies and inconsistencies (.8); review order and Notice of Cash Collateral hearing (.1); telephone conversation with | 1.90 | $515.00 | $978.50 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | Cara (no charge); work on Response to Motion to Use Cash Collateral (.5). | | | |
| | (time treated separately) | remove general bankruptcy work: review Chapter 12 Trustee's objection to Motion to Employ Retainer and counsel (.1); review Sirios Land Statements and Schedules and Sirios Statements and Schedules and identify inaccuracies and inconsistencies (.8) | (0.90) | $515.00 | ($463.50) |
| 10/30/2020 | O'Brien, John A. | Telephone conversation with Mr. Brown regarding Equipment Values (.1); assemble documentation for Proof of Claim and calculate total proof of claim amount (.5); telephone conversation with Cara and Ty regarding conversation with Bucker and Bank's partial consent to the use cash collateral (.3); closer review of Borrower's Motion to Use Cash Collateral and analysis of budget (1.7); brief legal research regarding requirements for an emergency cash collateral hearing (.2); draft Response to Motion to Use Cash Collateral (1.1); review real estate appraisal and compare to Debtor's stated value (.3); review Bank's loan file for loan history with the Debtor (.4). | 4.60 | $515.00 | $2,369.00 |
| 10/31/2020 | O'Brien, John A. | Review order granting Trustee extension of time (.1); review valuation and equipment condition information from Mr. Brown (.1). | 0.20 | $515.00 | $103.00 |
| 11/2/2020 | Sandberg, Scott C. | Prepare for and attend hearing re cash collateral order; review court filings re same; (1.6). | 1.60 | $440.00 | $704.00 |
| | (reduction) | remove work duplicating that of another attorney | (1.60) | $440.00 | ($704.00) |
| 11/2/2020 | O'Brien, John A. | Prepare for and attend Cash Collateral hearing (2.9); telephone conversation with Mr. Hepner regarding Cash Collateral issues (.1); memo to Cara regarding same (.1); review and respond to Debtor's budget (.1); telephone | 4.20 | $515.00 | $2,163.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | conversation with Dale and Tyson (no charge); memo to Debtor's counsel regarding check cashing logistics and Cash Collateral account (.2); memos to Cara and Tanner regarding cash collateral; deposit account and Ranch Sale activities (.3); memos to and from Debtor's counsel regarding scheduling examination (.1); begin preparing for BR 2004 examinations (.4). | | | |
| | (time treated separately) | remove 2004 examination work: memos to and from Debtor's counsel regarding scheduling examination (.1); begin preparing for BR 2004 examinations (.4). | (0.50) | $515.00 | ($257.50) |
| 11/3/2020 | Sandberg, Scott C. | Review correspondence re cash collateral accounts (.2). | 0.20 | $440.00 | $88.00 |
| | (reduction) | remove work duplicating that of another attorney | (0.20) | $440.00 | ($88.00) |
| 11/3/2020 | O'Brien, John A.

(time treated separately) | Memo to Debtor's counsel regarding examination scheduling (.1); memo to Debtor's counsel regarding protecting cash collateral (.1); memos to and from Cara, Dale and Tyler regarding status of filings and communications with Debtor's counsel (.2); review Order Authorizing Use of Cash Collateral and minutes of the proceeding (.1); continue assembling document for proof of claim (.6); memo to Debtor's counsel regarding suggestion of Bankruptcy (.1); memos from and to Debtor's counsel regarding protection cash collateral (.2). | | | |
| | | cash collateral work: memo to Debtor's counsel regarding protecting cash collateral (.1); review Order Authorizing Use of Cash Collateral and minutes of the proceeding (.1); memos from and to Debtor's counsel regarding protection cash collateral (.2). | 0.40 | $515.00 | $206.00 |
| 11/17/2020 | O'Brien, John A.

(time treated | Legal research on P question raised by the chapter 12 Trustee (1.2); memos to and | | | |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | separately) | from the chapter 12 Trustee regarding same (.3); draft exhibit and witness list for cash collateral hearing and assemble exhibits for hearing (1.4); draft Cara's direct examination for the hearing (1.4); memos to and from Car and Tanner regarding examination and cash collateral hearing (.3); prepare for cash collateral hearing (.8); prepare examination exhibits (.2); prepare for Debtor's examination (.7); telephone conference with Cara and Tanner (no charge). | | | |
| | | cash collateral work: draft exhibit and witness list for cash collateral hearing and assemble exhibits for hearing (1.4); draft Cara's direct examination for the hearing (1.4); memos to and from Car and Tanner regarding examination and cash collateral hearing (.3); prepare for cash collateral hearing (.8); prepare examination exhibits (.2); prepare for Debtor's examination (.7); telephone conference with Cara and Tanner (no charge). | 4.80 | $515.00 | $2,472.00 |
| 11/19/2020 | O'Brien, John A.  (time treated separately) | Review and organize notes of examination (.6); telephone conference with Cara regarding cash collateral hearing status (no charge); memos from and to Trustee regarding cash collateral hearing (.1); memos from and to court clerk regarding hearing (.1); memo to Debtor's counsel regarding tax returns (.1); closer review of documents produced by Debtor (.3); prepare for and attend cash collateral hearing (.9); memos from Debtor's counsel regarding deposition exhibits and tax refunds (.2); review debtor's 2019 tax returns (.3); memo to Cara regarding same (.1). | | | |
| | | cash collateral work: telephone conference with Cara regarding | 1.10 | $515.00 | $566.50 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | cash collateral hearing status (no charge); memos from and to Trustee regarding cash collateral hearing (.1); memos from and to court clerk regarding hearing (.1); prepare for and attend cash collateral hearing (.9) | | | |
| 11/20/2020 | O'Brien, John A. (time treated separately) | Memo to Chapter 12 Trustee regarding discrepancy in Debtor's testimony (.1); memo to Bank regarding same (.1); review proposed cash collateral order (.1); memos from and to Debtor's counsel (.1); review Debtor's Chapter 12 Trustee reports and memo to client regarding same (.2); review memo from Chapter 12 Trustee regarding cash collateral (.1). | | | |
| | | cash collateral work: review proposed cash collateral order (.1); memos from and to Debtor's counsel (.1); review memo from Chapter 12 Trustee regarding cash collateral (.1). | 0.30 | $515.00 | $154.50 |
| 11/22/2020 | O'Brien, John A. | Review memo from Debtor's counsel to court clerk and memo to Cara (.1). | 0.10 | $515.00 | $51.50 |
| 11/23/2020 | O'Brien, John A. | Review final and entered Stipulated Order for Use of Cash Collateral (.1). | 0.10 | $515.00 | $51.50 |
| 3/31/2021 | Nissly, Anita L. | Begin drafting Objection to Motion (.2). | 0.20 | $220.00 | $44.00 |
| 4/1/2021 | O'Brien, John A. (time treated separately) | Memos from and to Cara regarding land sale response (.2); review Trustee objection to Chapter 12 Plan (.2); review Debtor's second motion to use cash collateral (.4); draft objection to Debtor's second motion to use cash collateral (.5); review memo from Debtor's counsel and Owen's contract extension (.1); prepare for and attend preliminary hearing motion to approve 4th sale motion (1.0); telephone conference with Chapter 12 Trustee (.1); draft motion for relief from stay (1.8); memos from and to Cara (.1). | | | |
| | | cash collateral objection work: draft objection to Debtor's | 0.50 | $535.00 | $267.50 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | second motion to use cash collateral (.5) | | | |
| 4/1/2021 | Nissly, Anita L. | Continue drafting Objection (.9); continue drafting Motion For Relief From Stay (1.2); email from client (.1); finalize Objection for filing with the court (.1); continue drafting Notice of Motion For Relief From Stay (.1); work on compiling and labeling exhibits (.6). | 3.00 | $220.00 | $660.00 |
| | (time treated separately) | remove relief from stay work: continue drafting Motion For Relief From Stay (1.2); continue drafting Notice of Motion For Relief From Stay (.1); work on compiling and labeling exhibits (.6). | (1.90) | $220.00 | ($418.00) |
| 4/26/2021 | O'Brien, John A.

(time treated separately) | Review memo from and to title company and settlement sheet on 4th closing (.1); memos to and from Cara regarding same (.1); telephone conference with Cara regarding cash collateral and preliminary hearing (.1); review Debtor's motion for corrected sale order and entered order (.1); review Debtor's Emergency and Supplemented Order to Use Cash Collateral (.9); analysis of Debtor's cash collateral needs and draft response to emergency motion (1.9); review order setting hearing on Motion (.1). | | | |
| | | work on cash collateral objection: telephone conference with Cara regarding cash collateral and preliminary hearing (.1); review Debtor's Emergency and Supplemented Order to Use Cash Collateral (.9); analysis of Debtor's cash collateral needs and draft response to emergency motion (1.9); review order setting hearing on Motion (.1). | 3.00 | $535.00 | $1,605.00 |
| 4/26/2021 | Nissly, Anita L. | Draft Response to Supplement to Second Motion Authorizing Use of Cash Collateral (.6); compile and label exhibit to same (.2); finalize same and efile same with the court (.1); | 1.00 | $220.00 | $220.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | email to client regarding same (.1). | | | |
| | | All time entries above: | 34.90 | | $15,792.00 |
| | | Time treated separately (in other categories): | (3.30) | | ($1,139.00) |
| | | Amount sought in this category: | 31.60 | | $14,653.00 |
| | | Amount not shown to be reasonable: | (5.10) | | ($2,244.00) |
| | | Subtotal: | 26.50 | | $12,409.00 |
| | | 75% reduction: | (19.88) | | ($9,306.75) |
| | | Remaining amount: | 6.63 | | $3,102.25 |

The Court finds the time sought to be excessive and a 75% reduction to be appropriate, with the remaining amount, 6.63 hours, reasonably expended on this matter had the Bank negotiated stipulated orders without filing and pursuing objections for objections' sake. The Court finds each timekeeper's hourly rate to be reasonable. Accordingly, the Court finds the total of $3,102.25 to be a reasonable lodestar amount for this matter.

## H.    Exemption Objections

On December 7, 2020, the Bank filed Objections to Debtor's Claim of Exemptions (docket ##50, 52, and 54). The Objections disputed Debtors' exemptions in their homestead and farm equipment. The Objections were without merit. After Debtors filed a Response (Docket #57), the Bank did not further prosecute its Objections. The Objections did not help the Bank protect its collateral. Their only effect was to increase fees of the Bank's counsel and Debtors' counsel in responding to the Objections.

The Law Firm spent the following amount of time on this matter:

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 12/4/2020 | O'Brien, John A. | Review Debtor's claims of exemptions which are improper (.2); memo to Cora re same (.1); memo to Debtor's counsel and Chapter 12 Trustee regarding sales efforts (.1); memo to Cara regarding same (.1) | 0.50 | $515.00 | $257.50 |
| 12/4/2020 | Nissly, Anita L. | Draft Objection to Claim of Exemption (.2); draft Notice re Objection to Claim of Exemption (.3). | 0.30 | $200.00 | $60.00 |
| 12/6/2020 | O'Brien, John A. | review Debtor's claims to exemption and deadline for objection (.2); review Bank's Deed of Trust for homestead waiver (.1); draft objection to claim of exemption and related notice (.3). | 0.60 | $515.00 | $309.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 12/7/2020 | O'Brien, John A. | Finalize Objection to Claim of Exemption and related Notice (.2); memos from and to Debtor's counsel (.1). | 0.30 | $515.00 | $154.50 |
| 12/9/2020 | O'Brien, John A.<br><br>(time treated separately) | Memos to and from Realtor, Debtor's counsel and Chapter 12 Trustee regarding scheduling (.1); memos to Cora regarding same and status (.1); telephone conference with Cora regarding status report (no charge); review information concerning the Debtor's purchase of farm equipment and the Bank's PMSI (.4); draft Objection to Farm Equipment Exemption and related Notice (.5). | | | |
| | | objection to exemption work: review information concerning the Debtor's purchase of farm equipment and the Bank's PMSI (.4); draft Objection to Farm Equipment Exemption and related Notice (.5). | 0.90 | $515.00 | $463.50 |
| 1/1/2021 | O'Brien, John A. | Review Debtor's resistance to Bank's Objection to exemptions (.1). | 0.10 | $535.00 | $53.50 |
| | | **Amount sought in this category:** | **2.70** | | **$1,298.00** |
| | | **Amount not shown to be reasonable:** | **(2.70)** | | **($1,298.00)** |
| | | **Remaining amount:** | **0.00** | | **$0.00** |

The Court finds all time spent on this matter to have been unnecessary and unreasonable. Accordingly, the Court finds the total of $0 to be a reasonable lodestar amount for this matter.

## I.    Motion for Relief from Stay

On April 3, 2021, the Bank filed a Motion for Relief from Stay (Docket #118). The Motion requested immediate relief from stay for undefined "surplus" cash collateral and prospective relief from stay after 11 months for all other collateral. This prospective relief from stay was based on the allegation the Bank "may or will go from over secured to under secured" after 11 months. The motion was not well supported in fact, as the Bank had not obtained evidence the value of its collateral had declined or was subject to decline. The motion was not well supported in law, without citation to authority for granting relief from stay in the absence of currently existing cause for such relief. The Court summarily denied the motion at a preliminary hearing on April 27, 2021 (docket #157). The motion did not help the Bank protect its collateral. Its only effect was to increase fees of the Bank's counsel and Debtors' counsel in responding to the motion.

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

The Law Firm spent the following amount of time on this matter:

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 1/27/2021 | Nissly, Anita L. | Begin work on Motion For Relief From Stay. | 0.20 | $220.00 | $44.00 |
| 1/27/2021 | O'Brien, John A.<br><br>(time treated separately) | Memos from and to Chapter 7 Trustee regarding plan (.1); memos to and from Cara regarding status (.1); memo to Debtor's counsel (.1); review memo from Debtor's counsel regarding Sales Contracts (.1); review Lyons Sales Contract (.4); review Westberg Sales Contract (.4); memo to Cara regarding contracts (.1); begin Drafting motion for Relief from Stay regarding Sales Contracts (.3). | | | |
| | | relief from stay work:  begin Drafting motion for Relief from Stay regarding Sales Contracts (.3). | 0.30 | $535.00 | $160.50 |
| 1/28/2021 | Nissly, Anita L. | Continue drafting Motion For Relief From Stay (1.6); begin drafting Notice of Motion For Relief From Stay (.2); begin drafting proposed Order Granting Motion For Relief From Stay (.1). | 1.90 | $220.00 | $418.00 |
| 2/1/2021 | Nissly, Anita L. | Email from client (.1); review payment history (.1); compile and label exhibits to Motion For Relief From Stay (.4). | 0.60 | $220.00 | $132.00 |
| 2/2/2021 | Nissly, Anita L. | Continue to compile and label exhibits to Motion For Relief From Stay (.2). | 0.20 | $220.00 | $44.00 |
| 4/1/2021 | O'Brien, John A.<br><br>(time treated separately) | Memos from and to Cara regarding land sale response (.2); review Trustee objection to Chapter 12 Plan (.2); review Debtor's second motion to use cash collateral (.4); draft objection to Debtor's second motion to use cash collateral (.5); review memo from Debtor's counsel and Owen's contract extension (.1); prepare for and attend preliminary hearing motion to approve 4th sale motion (1.0); telephone conference with Chapter 12 Trustee (.1); draft motion for relief from stay (1.8); memos from and to Cara (.1). | | | |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | relief from stay work: draft motion for relief from stay (1.8) | 1.80 | $535.00 | $963.00 |
| 4/1/2021 | Nissly, Anita L. | Continue drafting Objection (.9); continue drafting Motion For Relief From Stay (1.2); email from client (.1); finalize Objection for filing with the court (.1); continue drafting Notice of Motion For Relief From Stay (.1); work on compiling and labeling exhibits (.6). | | | |
| | | relief from stay work: continue drafting Motion For Relief From Stay (1.2); continue drafting Notice of Motion For Relief From Stay (.1); work on compiling and labeling exhibits (.6). | 1.90 | $220.00 | $418.00 |
| 4/2/2021 | O'Brien, John A. | Finalize Motion for Relief from Stay, Notice of Hearing and Proposed Order (1.2); telephone conference with Cara (no charge). | 1.20 | $535.00 | $642.00 |
| 4/18/2021 | O'Brien, John A.<br><br>(time treated separately) | Compare Debtors stated expenses to CSU stated average expenses (.3); review Debtor's Objection to Bank claim and research same (.3); memo to Debtor's counsel (.1); review Debtor's monthly financial reports for available cash and request to use more cash collateral (.2); memo to Cara regarding same (.1); review Debtor's Stay Relief Stipulation with Santander and refusal of some terms with Bankwest (.2); review Court's Minute Order setting deadlines and hearings on all pending matters (.1); review and identify errors in Debtor's newest cash flow projection dated April 15, 2021 (.3); closer review of Sales Contract for 5th sale and address broken pivot issue (.2); memo to Debtor's counsel regarding same (.1); review Debtor's most recent plan dated April 14 and memo to Cara regarding same (.6); begin drafting objection to April 14 plan (.2); begin preparing exhibits and witness list for | | | |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | preliminary hearing on Motion for Relief from Stay (.3); review Debtor's proposed cash collateral stipulation (.3); memo to Debtor's counsel regarding same (.1). | | | |
| | relief | relief from stay work: begin preparing exhibits and witness list for preliminary hearing on Motion for Relief from Stay (.3) | 0.30 | $535.00 | $160.50 |
| 4/19/2021 | Nissly, Anita L. | Draft Witness and Exhibit List for April 27, 2021 preliminary hearing (.7); begin drafting Objection to Debtors' Amended Plan (.2). | 0.90 | $220.00 | $154.00 |
| | (time treated separately) | remove work on plan confirmation:  begin drafting Objection to Debtors' Amended Plan (.2). | (0.20) | $220.00 | ($44.00) |
| 4/23/2021 | O'Brien, John A.  (time treated separately) | Review memo from title company regarding 4th closing settlement sheet (.2); work on Exhibit and witness list for motion for relief from stay (.4). | | | |
| | | relief from stay work: work on Exhibit and witness list for motion for relief from stay (.4). | 0.40 | $535.00 | $214.00 |
| 4/23/2021 | Nissly, Anita L. | Continue drafting Witness and Exhibit List (.6); work on exhibits (.3). | 0.90 | $220.00 | $198.00 |
| 4/24/2021 | Nissly, Anita L. | Finalize Witness and Exhibit list for filing with the court; efiling of same; set up sharefile folder; email to G. Humphries regarding hearing exhibits; email to client regarding same; email to client regarding court filing. | 0.70 | $220.00 | $154.00 |
| 4/27/2021 | O'Brien, John A. | Prepare for and attend hearing on 2.1 motion for relief from stay and cash collateral (2.0); telephone conference with Cara regarding same (.1). | 2.10 | $535.00 | $1,123.50 |
| | | **All time entries above:** | **13.40** | | **$4,825.50** |
| | | **Time treated separately (in other categories):** | **(0.20)** | | **($44.00)** |
| | | **Amount sought in this category:** | **13.20** | | **$4,781.50** |
| | | **Amount not shown to be reasonable:** | **(13.20)** | | **($4,781.50)** |
| | | **Remaining amount:** | **0.00** | | **$0.00** |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

The Court finds all time spent on this matter to have been unnecessary and unreasonable. Accordingly, the Court finds the total of $0 to be a reasonable lodestar amount for this matter.

### J.    Property Sale Objections

Prior to plan confirmation, Debtors filed several Motions to sell parcels of the Farm, with proceeds to be paid to the Bank (docket ##76, 85, & 128). The Bank filed "Limited" objections to two of these motions (docket ##87 & 108). The Bank's Objections sought relief beyond the scope of Debtors' Motions and were of such dubious merit that at a hearing on April 27, 2021, the Court questioned whether the Bank wanted the sales to go forward. The objections did not help the Bank protect its collateral. Their only effect was to increase fees of the Bank's counsel and Debtors' counsel in responding to the objections.

The Law Firm spent the following amount of time on this matter:

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 2/24/2021 | O'Brien, John A.<br><br>(time treated separately) | Review Debtor's Motion to Sell Property by 3 contracts (.4); telephone conference with Chapter 12 Trustee (.1); memo to Debtor's counsel regarding try to settle sales objection (.1); draft limited objection to sales motion (.9). | | | |
| | | work on objection to sale: draft limited objection to sales motion (.9). | 0.90 | $535.00 | $481.50 |
| 2/25/2021 | O'Brien, John A.<br><br>(time treated separately) | Finalize Limited Objection to Sale Motion (.4); memos from and to Debtor's counsel regarding trying to resolve sale objection (.2); review Owen contract (.2); memos to Cara regarding new contract and sale motion (.2); telephone conference with Chapter 12 Trustee (.1). | | | |
| | | work on objection to sale: Finalize Limited Objection to Sale Motion (.4) | 0.40 | $535.00 | $214.00 |
| 3/22/2021 | O'Brien, John A.<br><br>(time treated separately) | Analysis of Debtor's financial plan and budget to set aside $40,000 and identify duplicate expenditure (.1); review Debtor's motion to sell property (.3); review amended motion to sell property and related notice (.3); draft objection (.8). | | | |
| | | work on objection to sale:  draft objection (.8). | 0.80 | $535.00 | $428.00 |

69

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| 4/1/2021 | O'Brien, John A. (time treated separately) | Memos from and to Cara regarding land sale response (.2); review Trustee objection to Chapter 12 Plan (.2); review Debtor's second motion to use cash collateral (.4); draft objection to Debtor's second motion to use cash collateral (.5); review memo from Debtor's counsel and Owen's contract extension (.1); prepare for and attend preliminary hearing motion to approve 4th sale motion (1.0); telephone conference with Chapter 12 Trustee (.1); draft motion for relief from stay (1.8); memos from and to Cara (.1). | | | |
|---|---|---|---|---|---|
| | | work on objection to sale: prepare for and attend preliminary hearing motion to approve 4th sale motion (1.0) | 1.00 | $535.00 | $535.00 |
| | | **Amount sought in this category:** | **3.10** | | **$1,658.50** |
| | | **Amount not shown to be reasonable:** | **(3.10)** | | **($1,658.50)** |
| | | **Remaining amount:** | **0.00** | | **$0.00** |

The Court finds all time spent on this matter to have been unnecessary and unreasonable. Accordingly, the Court finds the total of $0 to be a reasonable lodestar amount for this matter.

## K.    Amendment/Objection to Bank's Proof of Claim

Debtors filed their bankruptcy petitions on October 9, 2020. When the Bank filed its proof of claim, it calculated interest through October 12, 2020. That calculation was incorrect. Debtors' counsel alerted the Law Firm of the error, but the Bank did not correct its proof of claim until Debtors filed an objection to it. The Court finds the time spent responding to Debtors' objection and the time spent correcting the proof of claim should not be charged to the Debtors.

The Law Firm spent the following amount of time on this matter:

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 3/19/2021 | Nissly, Anita L. (time treated separately) | Email to client regarding payoffs (.1); begin drafting Amended Proofs of Claims (.4). | | | |
| | | work on claim amendment: begin drafting Amended Proofs of Claims (.4). | 0.40 | $220.00 | $88.00 |
| 3/23/2021 | Nissly, Anita L. | Continue drafting Amended Proofs of Claim including | 1.10 | $220.00 | $242.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | attachments (.6); finalize Amended Proofs of Claim for filing with the court (.3); work on correction to Amended Proofs of Claim (.2). | | | |
| 3/23/2021 | O'Brien, John A. (time treated separately) | Draft Amended Proof of Claim (.3); review memo from title company and settlement statement for closing number 3 (.2); memo to title company (.1). | | | |
| | | work on claim amendment | 0.30 | $535.00 | $160.50 |
| 4/18/2021 | O'Brien, John A. (time treated separately) | Compare Debtors stated expenses to CSU stated average expenses (.3); review Debtor's Objection to Bank claim and research same (.3); memo to Debtor's counsel (.1); review Debtor's monthly financial reports for available cash and request to use more cash collateral (.2); memo to Cara regarding same (.1); review Debtor's Stay Relief Stipulation with Santander and refusal of some terms with Bankwest (.2); review Court's Minute Order setting deadlines and hearings on all pending matters (.1); review and identify errors in Debtor's newest cash flow projection dated April 15, 2021 (.3); closer review of Sales Contract for 5th sale and address broken pivot issue (.2); memo to Debtor's counsel regarding same (.1); review Debtor's most recent plan dated April 14 and memo to Cara regarding same (.6); begin drafting objection to April 14 plan (.2); begin preparing exhibits and witness list for preliminary hearing on Motion for Relief from Stay (.3); review Debtor's proposed cash collateral stipulation (.3); memo to Debtor's counsel regarding same (.1). | | | |
| | | work on objection to proof of claim: review Debtor's Objection to Bank claim and research same (.3); memo to Debtor's counsel (.1) | 0.40 | $535.00 | $214.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 5/7/2021 | O'Brien, John A.<br><br>(time treated separately) | Review newest revised easement (.2); memo to Debtor's counsel and Chapter 12 Trustee regarding same (.1); review application to extend listing period and order granting application (.3); review verified statement or Davig (.1); review two exclusions of the Magnum Contract (.3); review version 5 of the Easement and memo to Debtor's counsel regarding same (.4); review Debtor's most recent Plan (1.2); review Debtor's Amended Plan dated April 14 (.9); draft objections to Debtor's most recent plan (1.2); review Debtor's objection to claim - $350,000 Note interest rate (.4); analyze Debtor's objection and telephone conference with Cara regarding same (.5); draft response to claim objection (.4); review Debtor's and Magnum's proposed revisions to subordination agreement and revise subordination agreement (.8). | | | |
| | | work on objection to Bank's proof of claim: review Debtor's objection to claim - $350,000 Note interest rate (.4); analyze Debtor's objection and telephone conference with Cara regarding same (.5); draft response to claim objection (.4) | 1.30 | $535.00 | $695.50 |
| 5/7/2021 | Nissly, Anita L.<br><br>(time treated separately) | Draft Response to Debtors' Objection to Amended Claim No. 3 (Individual Case) and Amended Claim No. 1 (LLC Case) (.5); revisions to Subordination Agreement (.3); finalize Subordination Agreement (.1); email to G. Humphries and D. Hepner regarding same (.1); email to client regarding same (.1); finalize Response to Debtors' Objection to Amended Claim No. 3 (Individual Case) and Amended Claim No. 1 (LLC Case) for filing with the court | | | |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | (.1); continue drafting Objection to Motion to Approve Plan (.5) | | | |
| | | work on objection to Bank's proof of claim: Draft Response to Debtors' Objection to Amended Claim No. 3 (Individual Case) and Amended Claim No. 1 (LLC Case) (.5); finalize Response to Debtors' Objection to Amended Claim No. 3 (Individual Case) and Amended Claim No. 1 (LLC Case) for filing with the court (.1); | 0.60 | $220.00 | $132.00 |
| 5/14/2021 | O'Brien, John A. | Telephone conference with Cara regarding settlement options (.2); telephone conference with Mr. Hepner regarding settlement options and plan issues (1.2) review pendency interest and 506(b) issues (.9); review legal authority Trustee provided on interest rates (.5); memo to Trustee regarding Trustee's authority (.2); review legal authorities on pendency interest, 506(b) and remaining contested issues and compromise memo to Debtor's counsel regarding same (1.6). | 4.60 | $535.00 | $2,461.00 |
| | | **Amount sought in this category:** | 8.70 | | **$3,993.00** |
| | | **Amount not shown to be reasonable:** | (8.70) | | ($3,993.00) |
| | | **Remaining amount:** | 0.00 | | $0.00 |

The Court finds all time spent on this matter to have been caused by an error of the Bank and/or the Law Firm, and it is not reasonably charged to Debtors. Accordingly, the Court finds the total of $0 to be a reasonable lodestar amount for this matter.

## L.    Plan Confirmation Objections

Debtors filed their Chapter 12 Plan on January 7, 2021 (docket #62). As they had represented, their plan was a 100% plan, providing for the sale of the Farm in separate parcels and the payment of all allowed claims from sales proceeds. The Bank filed an objection to confirmation (docket #74), stating it was "not opposed to a more specific and workable plan," and requesting Debtors revise their plan to add (1) an auction deadline, (2) auction details as requested by the Chapter 12 Trustee, (3) clarification of the interest rate on each loan, (4) a correction of the payoff amount due to the Bank (based on the

amounts listed in the Bank's proof of claim), (5) a provision for relief from stay in the event the Farm was not sold by a date certain, and other miscellaneous provisions, including specification of the use of sale proceeds, addressing a "surplus" of cash collateral in Debtors' possession, and adding a provision requiring "bona fide" sales (*i.e.*, not lower prices than fair market value).

In response, Debtors filed their Joint Amended Chapter 12 Plan of Reorganization Dated March 15, 2021 (the "March 15 Plan," docket #102).   In their March 15 Plan, Debtors (1) set an auction deadline, (2) added auction details, (3) clarified the interest rate on each loan as the contract rate, (4) addressed the correct payoff amount due to the Bank (the Bank's proof of claim erroneously included post-petition interest in its pre-petition amounts), and (5) included the same provision for relief from stay (upon default and notice of default, not upon a date certain) as in the prior plan.  Debtors also included provisions specifying the use of sale proceeds, providing for a payment of $50,000 of "surplus" cash collateral to the Bank, and agreeing property would not be sold at less than 85% of appraised value without consent of the Bank and the Trustee.

The Bank filed an objection to confirmation of the March 15 Plan (docket #114), insisting on a date certain for relief from stay.  Most of the Bank's objection appeared to have been copied from its prior objection and did not address the changes Debtors had already included in their March 15 Plan.  The Bank further insisted Debtors be required to attribute their bankruptcy filing to the loss of the custom farming contract with Denver Metro Wastewater Reclamation District, rather than to the Bank's aggressive collection efforts.  The Trustee also filed an objection to confirmation, asking the Plan be revised to provide for the Trustee's sole discretion as to the terms and conditions of the auction.

In response, Debtors filed their Joint Amended Chapter 12 Plan of Reorganization Dated April 14, 2021 (the "April 14 Plan," docket #136), which addressed most of the Trustee's concerns (although the Trustee required additional provisions and corrections by objection filed May 11, 2021 (docket #180)).   The Bank filed an objection to confirmation of the April 14 Plan (docket #171), acknowledging its agreement to the plan deadlines (without a specific deadline for relief from stay), but arguing for the application of the default interest rate after plan confirmation, asking for payment of more of the "surplus" cash collateral, and continuing to insist the Debtors change the reason for filing from the Bank's collection efforts to the loss of the custom farming contract.  Much of the Bank's objection appeared to have been copied from prior objections.

Debtors filed a corrected version of the April 14 Plan on May 21, 2021 (docket #191).  The April 14 Plan, as corrected, was confirmed by Order entered May 24, 2021 (docket #196).  The April 14 Plan pays 100% to all allowed claims, including the Bank Claims, and pays the Bank a higher interest rate from the Petition Date to the Effective Date.

The Court finds the Bank's Objections to confirmation needlessly complicated and delayed confirmation of Debtors' Chapter 12 plan.   To the extent the Bank had valid

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

concerns with the plan provisions,[10] the Law Firm could have addressed those through negotiation rather than confirmation objections. The Court specifically finds the time spent preparing for an evidentiary confirmation hearing, when no real objection to confirmation was being pursued, to be unreasonable.

The Law Firm spent the following amount of time pursuing objections to Debtors' plans:

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 1/19/2021 | Sandberg, Scott C. | Telephone conference with J. O'Brien re plan objection issues; review court filings re same. | 0.20 | $475.00 | $95.00 |
| 1/20/2021 | Sandberg, Scott C. | Review court filings. | 0.20 | $475.00 | $95.00 |
| 2/3/2021 | Nissly, Anita L. | Begin drafting Objection to Motion to Approve Chapter 12 Plan (.3). | 0.20 | $220.00 | $44.00 |
| 2/3/2021 | O'Brien, John A. | Telephone conference with Chapter 12 Trustee regarding plan objections (.6); begin drafting acceptable plan terms and objections to plan (.3); telephone conference with Cara regarding Chapter 12 Trustee's comments on the plan (.1). | 1.00 | $535.00 | $535.00 |
| 2/7/2021 | O'Brien, John A. | Telephone conference with Chapter 12 Trustee regarding plan objections, no objections to real estate sale under pending contracts, confirmation hearing (.6); work on objection to plan (.3). | 0.90 | $535.00 | $481.50 |
| 2/8/2021 | Sandberg, Scott C. | Review correspondence re objection to plan. | 0.20 | $475.00 | $95.00 |
| 2/10/2021 | Sandberg, Scott C. | Research re client confirmation standards (.2); prepare correspondence re same (.2). | 3.40 | $475.00 | $1,615.00 |
| 2/11/2021 | Nissly, Anita L. | Continue drafting Objection to Plan (1.2). | 1.20 | $220.00 | $264.00 |
| 2/12/2021 | Nissly, Anita L. | Continue drafting Objection to Motion to Approve Chapter 12 Plan (1.8); finalize Motion for filing with the court (.3); review court filings and docket deadlines accordingly (.1). | 2.20 | $220.00 | $484.00 |
| 2/12/2021 | O'Brien, John A. | Finalize Objection to Chapter 12 Plan (3.3); review legal authority Chapter 12 Trustee | 3.80 | $535.00 | $2,033.00 |

---

[10] The Court does not find the Debtors' stated cause of bankruptcy filing to be a valid ground for objection.

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | cited (.3); review Trustee's Objection to Plan (.2). | | | |
| 2/12/2021 | Sandberg, Scott C. | Review court filings. | 0.20 | $475.00 | $95.00 |
| 2/22/2021 | O'Brien, John A. | Two telephone conferences with Chapter 12 Trustee (.2); review Order setting confirmation hearing and order vacating confirmation hearing (.1); review Chapter 12 Trustee reports for both Debtors (.3); prepare for and attend preliminary hearing on Motion to Approve Plan (1.0); telephone conference with Cara regarding hearing and probable amended plan (.2). | 1.80 | $535.00 | $963.00 |
| 3/18/2021 | Nissly, Anita L. | Begin drafting Objection to Motion to Approve Amended Chapter 12 Plan (.1); review court filings and docket deadlines accordingly (.1). | 0.20 | $220.00 | $44.00 |
| 3/22/2021 | Nissly, Anita L. | Draft Objection (1.1); finalize Objection and efile same with the court (.2); email to client regarding court filings (.1). | 1.40 | $220.00 | $308.00 |
| 3/30/2021 | O'Brien, John A. | Telephone conference with Chapter 12 Trustee (.1); closer review of Debtor's Amended Chapter 12 Plan and draft Objection to Amended Chapter 12 Plan. | 4.60 | $535.00 | $2,461.00 |
| 3/30/2021 | Nissly, Anita L. | Continue drafting Objection to Amended Plan (2.5); finalize same for filing with the court (.1). | 2.60 | $220.00 | $572.00 |
| 4/7/2021 | O'Brien, John A.<br><br>(time treated separately) | Review Debtor's "corrected" Plan (.8); prepare for and attend preliminary confirmation hearing (1.5); telephone conference with Chapter 12 Trustee (.1); memos to and from Cara regarding remaining issues (.2); review memo from Debtor's counsel regarding land offer and memo to Craig regarding same (.1); review memo from Debtor's counsel regarding payoffs and memo to Cara regarding same (.1). | | | |
| | | work on confirmation: prepare for and attend preliminary confirmation hearing (1.5) | 1.50 | $535.00 | $802.50 |

76

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 4/18/2021 | O'Brien, John A.<br><br>(time treated separately) | Compare Debtors stated expenses to CSU stated average expenses (.3); review Debtor's Objection to Bank claim and research same (.3); memo to Debtor's counsel (.1); review Debtor's monthly financial reports for available cash and request to use more cash collateral (.2); memo to Cara regarding same (.1); review Debtor's Stay Relief Stipulation with Santander and refusal of some terms with Bankwest (.2); review Court's Minute Order setting deadlines and hearings on all pending matters (.1); review and identify errors in Debtor's newest cash flow projection dated April 15, 2021 (.3); closer review of Sales Contract for 5th sale and address broken pivot issue (.2); memo to Debtor's counsel regarding same (.1); review Debtor's most recent plan dated April 14 and memo to Cara regarding same (.6); begin drafting objection to April 14 plan (.2); begin preparing exhibits and witness list for preliminary hearing on Motion for Relief from Stay (.3); review Debtor's proposed cash collateral stipulation (.3); memo to Debtor's counsel regarding same (.1). | | | |
| | | work on plan confirmation: begin drafting objection to April 14 plan (.2) | 0.20 | $535.00 | $107.00 |
| 4/19/2021 | Nissly, Anita L.<br><br>(time treated separately) | Draft Witness and Exhibit List for April 27, 2021 preliminary hearing (.7); begin drafting Objection to Debtors' Amended Plan (.2). | | | |
| | | work on plan confirmation: begin drafting Objection to Debtors' Amended Plan (.2). | 0.20 | $220.00 | $44.00 |
| 5/3/2021 | Sandberg, Scott C. | Prepare for confirmation hearing (.2). | 0.20 | $475.00 | $95.00 |
| 5/6/2021 | Sandberg, Scott C. | Review court filings related to plan and plan confirmation (.2). | 0.20 | $475.00 | $95.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 5/7/2021 | O'Brien, John A. (time treated separately) | Review newest revised easement (.2); memo to Debtor's counsel and Chapter 12 Trustee regarding same (.1); review application to extend listing period and order granting application (.3); review verified statement or Davig (.1); review two exclusions of the Magnum Contract (.3); review version 5 of the Easement and memo to Debtor's counsel regarding same (.4); review Debtor's most recent Plan (1.2); review Debtor's Amended Plan dated April 14 (.9); draft objections to Debtor's most recent plan (1.2); review Debtor's objection to claim - $350,000 Note interest rate (.4); analyze Debtor's objection and telephone conference with Cara regarding same (.5); draft response to claim objection (.4); review Debtor's and Magnum's proposed revisions to subordination agreement and revise subordination agreement (.8). | | | |
| | | work on plan confirmation: draft objections to Debtor's most recent plan (1.2) | 1.20 | $535.00 | $642.00 |
| 5/7/2021 | Nissly, Anita L. (time treated separately) | Draft Response to Debtors' Objection to Amended Claim No. 3 (Individual Case) and Amended Claim No. 1 (LLC Case) (.5); revisions to Subordination Agreement (.3); finalize Subordination Agreement (.1); email to G. Humphries and D. Hepner regarding same (.1); email to client regarding same (.1); finalize Response to Debtors' Objection to Amended Claim No. 3 (Individual Case) and Amended Claim No. 1 (LLC Case) for filing with the court (.1); continue drafting Objection to Motion to Approve Plan (.5) | | | |
| | | work on plan confirmation: continue drafting Objection to Motion to Approve Plan (.5) | 0.50 | $220.00 | $110.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 5/10/2021 | Sandberg, Scott C. | Review court filings on plan and plan confirmation (.7). | 0.20 | $475.00 | $95.00 |
| 5/11/2021 | Sandberg, Scott C. | Review court filings re confirmation hearing (.2). | 0.20 | $475.00 | $95.00 |
| 5/13/2021 | Sandberg, Scott C. | Review court filings re confirmation hearing (.2). | 0.20 | $475.00 | $95.00 |
| 5/14/2021 | Sandberg, Scott C. | Prepare for hearing (.3); email to client re same (.1). | 0.40 | $475.00 | $190.00 |
| 5/16/2021 | Sandberg, Scott C. | Review documents and filings re interest rate under debtors' plan (1.4). | 1.40 | $475.00 | $665.00 |
| 5/17/2021 | Sandberg, Scott C. | Email correspondence with client re confirmation hearing (.3); prepare briefs and outlines re same (2.9). | 3.20 | $475.00 | $1,520.00 |
| 5/17/2021 | Nissly, Anita L. | Compile documents for attorney hearing preparation binder (.5). | 0.50 | $220.00 | $110.00 |
| 5/18/2021 | Sandberg, Scott C. | Prepare argument and testimony outlines for hearing (5.2); telephone conference with trustee re plan (.2); review court filings on deadlines (.1). | 5.50 | $475.00 | $2,612.50 |
| 5/18/2021 | Nissly, Anita L. | Draft witness and exhibit list (.5); compile and label hearing exhibits (.5); work on hearing exhibit notebooks (.4); review court filings and docket deadlines accordingly (.1) | 1.50 | $220.00 | $330.00 |
| 5/19/2021 | Nissly, Anita L. | Draft Stipulation (1.8); continue compiling and labeling exhibits (1.0); continue drafting Witness and Exhibit List (.4); finalize Stipulation (.1); revisions to Stipulation (.2); email to G. Humphries and D. Hepner regarding Stipulation (.1); email to client regarding same (.1); finalize and efile Witness and Exhibit list (.2); draft list of hearing participants (.2); set up sharefile folder for transmission of exhibits (.2); email to chambers regarding witness list and list of participants (.1) ; email to client regarding same(.1); work on hearing exhibit notebooks (.5). | 5.00 | $220.00 | $1,100.00 |
| 5/19/2021 | O'Brien, John A. (time    treated | Memos from and to Debtor's counsel regarding payoffs and payoff stipulation (.2); work on | | | |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | separately) | Cara testimony (.2) memos from and to Cara regarding providing information Borrower requests, settlement, status and hearing preparation (.7); review memo from title company regarding closing (.1); work on Exhibit and witness list. (.1); telephone conference with Chapter 12 Trustee regarding Trustee's comments on stipulation (.2); review memo from Debtor's counsel regarding comments to stipulation (.1) revise stipulation (.4); telephone conference with Cara regarding stipulation (.2) | | | |
| | | work on plan confirmation: work on Cara testimony (.2) memos from and to Cara regarding providing information Borrower requests, settlement, status and hearing preparation (.7); work on Exhibit and witness list. (.1); | 0.90 | $535.00 | $481.50 |
| 5/19/2021 | Sandberg, Scott C. | Continue preparing argument and testimony outlines for hearing (5.0); telephone conference with client re hearing preparation (.4); review correspondence re potential stipulation (.1). | 5.50 | $475.00 | $2,612.50 |
| 5/20/2021 | Nissly, Anita L. | Continue work on hearing exhibit notebooks (.2); emails to and from client regarding same (.1); download Debtors' exhibits (.1); work on Debtors' hearing exhibit notebooks for attorneys (.2); email to client regarding Stipulation (.1); finalize brief for filing with the court (.1). | 0.80 | $220.00 | $176.00 |
| 5/20/2021 | O'Brien, John A. | Memos to and from Debtor's counsel and Trustee regarding open issues and resolution (.9); memos from and to Cara regarding open issues (.8); closer review of Debtor's third version of the corrected plan (.8); telephone conference with Mr. Hepner regarding Trustee's objections | 4.20 | $535.00 | $2,247.00 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | to most recent corrected plan (.3); telephone conference with Cara (.2); review final claim stipulation (.1); another telephone conference with Mr. Hepner regarding more corrections (.1); review fifth version of the corrected plan (.7) memos to Mr. Humphries regarding plan on stipulated order (.3) | | | |
| 5/21/2021 | O'Brien, John A. | Begin review of Debtor's hearing exhibits (.3); review order permitting conveyance of easement (.1); review Chapter 12 Trustee's exhibit and witness list (.1); review Procedure Order and memo to Debtor's counsel and Trustee regarding same (.1) telephone conference with Mr. Hepner regarding Trustee's newest changes to the newest corrected plan (.2) review Debtor's Sixth version of the corrected plan (.7); numerous memos from and to Debtor's counsel regarding more corrections to the corrected plan (.3); memos from and to Cara regarding status (.3); review proposed continuation order (.1); memos to Debtor's counsel, Chambers and Cara regarding same (.1); review Order Setting Hearing (.1). | 2.40 | $535.00 | $1,284.00 |
| 5/22/2021 | O'Brien, John A. | Review final plan filing with the court (.2); docket for plan items (.1); related preparation for confirmation hearing (.2). | 0.50 | $535.00 | $267.50 |
| 5/24/2021 | Sandberg, Scott C. | Review court filings and plan amendments (1.2); participate in confirmation telephone hearing with court (.1). | 1.30 | $475.00 | $617.50 |
| 5/24/2021 | O'Brien, John A. | Review minutes of proceeding and Confirmation Order (.1); final preparation for and attend confirmation hearing (.2); memos from and to Cara regarding Confirmation Order (.1); telephone conference with Cara (no charge); review Debtor's withdrawal of claimant (.1). | 0.50 | $535.00 | $267.50 |

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

| Work Date | Timekeeper | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | **Amount sought in this category:** | **62.30** | | **$26,846.00** |
| | | **75% reduction** | **(46.73)** | | **($20,134.50)** |
| | | **Remaining amount:** | **15.58** | | **$6,711.50** |

The Court finds the time sought to be excessive and a 75% reduction to be appropriate, with the remaining amount, 15.58 hours, reasonably expended on this matter had the Bank negotiated resolution of its valid concerns without filing and pursuing objections for objections' sake.  The Court finds each timekeeper's hourly rate to be reasonable.  Accordingly, the Court finds the total of $6,711.50 to be a reasonable lodestar amount for this matter.

### M.    Summary

As discussed above, the Court has determined a reasonable lodestar amount for each category as follows:

| | Topic | Hours Sought | Reasonable Hours | Fees Sought | Reasonable Fees |
|---|---|---|---|---|---|
| A | Initial Review and Demand Letter | 12.80 | 2.80 | $5,080.00 | $938.00 |
| B | Research Re: Deed of Trust | 3.60 | 3.60 | $1,507.50 | $1,507.50 |
| C | Foreclosure Proceedings | 30.50 | 10.80 | $11,362.00 | $3,357.00 |
| D | Replevin/Receiver | 43.40 | 21.60 | $17,311.00 | $8,635.50 |
| E | Pre-Petition Negotiations | 28.40 | 28.40 | $13,303.00 | $13,303.00 |
| F | Bankruptcy General | 120.60 | 59.40 | $55,553.50 | $27,357.75 |
| G | Cash Collateral Objections | 31.60 | 6.63 | $14,653.00 | $3,102.25 |
| H | Exemption Objection | 2.70 | 0.00 | $1,298.00 | $0.00 |
| I | Relief From Stay | 13.20 | 0.00 | $4,781.50 | $0.00 |
| J | Property Sale Objections | 3.10 | 0.00 | $1,658.50 | $0.00 |
| K | Claim Amendment/Objection | 8.70 | 0.00 | $3,993.00 | $0.00 |
| L | Confirmation Objection | 62.30 | 15.58 | $26,846.00 | $6,711.50 |
| | **Totals:** | **360.90** | **148.81** | **$157,347.00[11]** | **$64,912.50** |

## IV.    ADJUSTMENT OF LODESTAR AMOUNT

Once the Court has determined a lodestar amount, it may adjust the amount based on factors such as the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; the experience, reputation, and ability of the lawyer or lawyers performing the services; and the fee customarily charged in the locality for similar legal services.  *Home Loan Inv. v. St. Paul*

---

[11] The total considered by the Court does not match the total sought in the Bank's Motion.  To the extent the error is that of the Court, it does not prejudice the Law Firm, as the Court has considered at least as much time as the Law Firm submitted.

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 20-16709 KHT

*Mercury Ins.*, 78 F. Supp.3d 1307, 1315 (D. Colo. 2014).  Here, the Court finds no further adjustment necessary.

## V.    CONCLUSION

For the reasons discussed above, the Court will grant the Motion in part, to the extent the Bank is awarded its fees of $64,912.50, and costs of $3,674.09, and costs of receiver in the amount of $2,939.57.

Dated January 5, 2024                          BY THE COURT:

Kimberley H. Tyson
United States Bankruptcy Judge